William B. Lawless, J.
The defendant moves to dismiss the amended complaint on grounds that (1) it does not comply with rule 90 of the Buies of Civil Practice and (2) it does not state facts sufficient to constitute a cause of action pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice. Defendant further moves for an order pursuant to rule 102 requiring plaintiff to serve a further amended complaint to make the same more definite and certain.
The complaint sets forth 53 separate causes of action based upon statements allegedly made by defendant about the plaintiff to various people on various occasions. Plaintiff seeks damages totaling $56,000, claiming that the remarks were defamatory. Nowhere in the complaint does the plaintiff claim any special damages except in paragraph 59 wherein he alleges, upon information and belief, that he lost a $1,000 grant or fellowship from the University of Buffalo, as a result of the statements.
At the time of the alleged defamation, plaintiff was a research fellow of the University of Buffalo and defendant was a pro *228 fessor in the Department of Anthropology and Linguistics at that university and was teaching the plaintiff. The complaint charges the defendant with having referred to plaintiff as “ psychopath ”, “ very destructive ”, “ anti-social ”, “ son-of-a-bitch ”, “intellectually incompetent”, “immoral”, “liar”, “ homosexual ”, and “made up all the data for his Master’s thesis ”.
Typical of each of these causes of action is the first which provides: “ 1. That the Defendant stated that the Plaintiff is and referred to the Plaintiff as a psychopath to Henry Lee Smith, Jr., David Bond Stout and Shirley Duncan Stout, near or at Foster Hall, in or about April, 1961.” Each cause of action contains a statement of the words allegedly spoken and the person to whom they were spoken. No other circumstances of extrinsic facts surrounding the various statements are alleged.
The defendant attacks the complaint on two grounds: First, that there is no allegation that the plaintiff was engaged in any business or profession and therefore cannot be slandered in his profession. Second, defendant contends that the complaint fails to allege facts to demonstrate that the alleged slander proximately caused the special damage claimed. We shall treat these objections in order.
I
It is fundamental that in a complaint based upon slander there must be an allegation of special damage, or the words spoken must be slanderous per se. To be held slanderous per se, the words must charge a person with a punishable crime, or, they must tend to injure a person in his trade, occupation or profession.
In the complaint before this court, the only word spoken which might remotely constitute a punishable crime is the allegation that the plaintiff is a “ homosexual ”. However, an examination of the New York Criminal Code and Penal Law fails to disclose any specific crime embraced in the phrase “homosexual”. Article 66 of the Penal Law (§§ 690-691), concerns “ Crime against Nature ”. However, this section relates to specific acts not necessarily embraced in the phrase “homosexual”. We conclude, therefore, that the use of this phrase does not constitute words which charge a punishable crime and that this word is not slanderous per se. (See Gurtler v. Union Parts Mfg. Co., 285 App. Div. 643, affd. 1 N Y 2d 5; Morrissette v. Beatte, 66 R. I. 73.) As indicated above, we also find that none of the other words allegedly used by the defendant charge punishable crime.
*229 The other group of words that have been held to be slanderous per se, are those which tend to injure a person in his trade, occupation, or profession. As the court indicated in the Gurtler decision (supra) it should be emphasized that the words must be spoken in relation to the profession or trade. Disparagement of a professional man will ipso facto be actionable per se. (See Seelman, Law of Libel and Slander, pp. 613, 691.) This rule has been applied to all alleged defamatory words of this type. (Hartmann v. Winchell, 296 N. Y. 296, 298; Shakun v. Sadinoff, 272 App. Div. 721, 722; see, also, Catley, Libel and Slander [3d. ed.], p. 61.)
In the complaint before us, there is no allegation that the plaintiff was pursuing a trade, business or profession at the time of the alleged slander. The claim is that he was a graduate student seeking to continue graduate study. In this respect, the complaint before us is similar to the complaint in the Gurtler case, where no facts were alleged showing that the words referred to plaintiff’s profession. In the Gurtler case, plaintiff asserted that he was an engineer employed by defendant corporation. He sued the corporation for damages because the corporation’s president allegedly called him a “ communist ” in the presence of other employees. No special damages were alleged, nor were other extrinsic facts. The complaint was dismissed by the Appellate Division and the dismissal affirmed as indicated. The complaint before us is similarly deficient because it fails to allege that the plaintiff was engaged in a trade, business or profession, and it fails further, for the reason that it does not allege that the words damaged plaintiff in his trade, business or profession.
n
Finally, inasmuch as the causes of action pleaded in the complaint are defective, there is no basis for considering defendant’s motion pursuant to rnle 102 to require plaintiff to serve a further amended complaint in which he describes whether he is suing for general damages or special damages.
The amended complaint is dismissed pursuant to subdivision é of rule 106 of the Buies of Civil Practice, on condition that the plaintiff may have 20 days in which to prepare and serve a further amended complaint upon the defendant.