THOMAS LANE MORICOLI, Plaintiff-Appellant, *v.* JAMES L. SCHWARTZ *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 63101

Opinion filed March 1, 1977.

Swidler, Kanter & Mattenson, Ltd., of Chicago (David M. Mattenson, of counsel), for appellant.

Goldenson, Kiesler, Berman & Brenner, of Chicago (Robert L. Kiesler, Robert David Kreisman, and Marvin D. Berman, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Thomas Lane Moricoli, brought an action to recover damages for slanderous defamation of his character allegedly resulting from certain statements uttered by defendant, James L. Schwartz, and republished by defendant, Barbara T. Reid. Count I of the complaint contained an allegation of slander. Count II prayed for damages allegedly arising from tortious interference with prospective economic advantage. Count III sought damages allegedly arising from a breach of contract. Plaintiff appeals from that part of an order of the Circuit Court of Cook County, dated August 8, 1975, as granted defendants' motion to dismiss Count I of plaintiff's complaint for failure to state facts upon which a cause of action may be predicated. The trial court specifically found that the alleged defamatory words upon which the action was predicated are subject to being innocently construed and hence, not actionable.

Plaintiff's complaint alleged *inter alia* that plaintiff is a singer and nightclub entertainer using the name of Tommy Lane for his performances; that he auditioned and contracted with defendant Reid, on behalf of defendant P&S Management, Inc., to appear at two of that corporation's hotels; that on September 16, 1974, at a meeting of the corporation's officers and staff and in the presence of defendant Reid and others, defendant Schwartz maliciously spoke of and concerning plaintiff in the following false and defamatory words: "Tommy Lane is a fag and we don't want any fag working for us"; that defendant Reid, on September 17, 1974, in the presence of plaintiff and others republished the statement of defendant Schwartz in the following false and defamatory words: "The contract is being cancelled because Mr. Schwartz says Tommy Lane is a fag"; and that thereafter the contract was cancelled. Plaintiff alleges that the aforementioned statements are slanderous *per se* inasmuch as they allege that plaintiff is a homosexual.

According to Webster's Third International Dictionary of the English Language (unabridged ed. 1966), the word "fag" admits of four commonly used meanings:

"1

*fag* / *n* -s [ME *fagge* flap, knot in cloth] 1: FAG END 2: CIGARETTE;

2

*fag* / *vb* [obs E *fag* to droop] *vi* 1: to become weary : TIRE, FLAG 2: to work to exhaustion : DRUDGE, TOIL 3a: to be a fag: serve as a fag (*fagging* for older boys during his first year) b: to serve as a fag in the field in British school games; *vt* 1: to compel to serve as a fag 2: to exhaust by toil, drudgery, or sustained heavy activity— often used with *out* 3: to make (the end of a rope) frayed or untwisted

3

fag / *n* -s 1: *chiefly British*; a fatiguing task: DRUDGERY 2: an English public-school boy who acts as a servant to another boy in a higher form b: MENIAL, DRUDGE, SERVITOR.

4

fag *or* fag-got /*n* -s [origin unknown] slang : HOMOSEXUAL."

■■ In construing the meaning of the word "fag," we note that Illinois follows the innocent construction rule. (*Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 340 N.E.2d 539.) That rule holds that the statements in question are to be read as a whole and the words given their natural and obvious meaning, and requires that allegedly defamatory words which are capable of being read innocently must be so read and declared nonactionable as a matter of law. (*John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105.) Such words will be given an innocent construction if they are reasonably susceptible of such construction or if the allegedly defamatory matter is ambiguous. (*Eick v. Perk Dog Food Co.* (1952), 347 Ill. App. 293, 106 N.E.2d 742; *Roemer v. Zurich Insurance Co.* (1975), 25 Ill. App. 3d 606, 323 N.E.2d 582.) Whether language is susceptible of an innocent construction is a question of law for the court, to be resolved by reading the language stripped of innuendo. (*Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 243 N.E.2d 217.) This doctrine has been held to be applicable to both libel and slander actions. *Kirk v. Village of Hillcrest* (1975), 31 Ill. App. 3d 1063, 335 N.E.2d 535. See generally 33A Ill. L. & Pr. *Slander and Libel* §12 (1970); Prosser, Torts §112, at 760 (4th ed. 1971); Annot., 13 A.L.R. 3d 1286 (1967).

When the words of the statements uttered in the instant case are given their obvious and natural meaning, we do not see how these words can be given an innocent construction. Although characterized as "slang," the aforementioned published authority indicates that the sole occasion upon which the word "fag" is commonly used in the United States, in the form of a noun and to connote an adult human being, is with reference to a homosexual. To suggest otherwise serves only to further tax the gullibility of the credulous and require this court to espouse a naivete' unwarranted under the circumstances.

■■ Moreover, defendants' reference to plaintiff as a "fag" in conjunction with the assertion that this status served as ground for terminating plaintiff's term of employment may not be characterized as mere objectionable but nonactionable name-calling. (*Cf. Skolnick v. Nudelman* (1968), 95 Ill. App. 2d 293, 237 N.E.2d 804.) At common law words of abuse do not give an action for slander. (53 C.J.S. *Libel and Slander* §15 (1948).) However, where such words are not reasonably given to various shades of meaning but instead serve to mark their peculiar target as an object of scorn and reproach, they cannot be

dismissed as mere terms of general abuse. (See *Valentine v. North American Co. for Life & Health Insurance* (1973), 16 Ill. App. 3d 277, 305 N.E. 2d 746, *aff'd*, 60 Ill. 2d 168, 328 N.E. 265 (1974).) We conclude that the trial court erred in finding that the statements in question are nonactionable as a matter of law upon application of the innocent construction doctrine. Therefore, the judgment of the circuit court in this regard must be reversed.

■■ The question with which we are next presented is whether defendants' statements are slander *per se*, allowing plaintiff to recover from defendants without allegation or proof of special damages. It is established in Illinois that one of four categories of utterances which are actionable *per se* and do not require proof of special damages is that type of statement which imports commission of a crime. (*Kirk v. Village of Hillcrest*.) It has been urged that the statements uttered in the case at bar may be fairly categorized as importing the offense of deviate sexual conduct. (Ill. Rev. Stat. 1973, ch. 38, par. 11—2.) However, where words do not of themselves import commission of a crime, they may not be so construed by reference to antecedent circumstances or words not part of the language complained of and thus, are not slanderous *per se*. (*Kirk v. Village of Hillcrest*.) The statements complained of in the instant case do not, of themselves, import commission of a crime in the State of Illinois. Hence, they are not actionable absent allegation and proof of actual damages. *Cf. Buck v. Savage* (Tex. Civ. App. 1959), 323 S.W.2d 363.

■■ Plaintiff finally urges that this court adopt the view espoused by a noted commentator in the field and approved by a New York court of review. (Prosser, Torts §112, at 760 (4th ed. 1971); see *Nowark v. Maguire* (1964), 22 App. Div. 2d 901, 255 N.Y.S. 2d 318.) Upon this somewhat novel theory the imputation of homosexuality to an individual of either sex must be construed to constitute a fifth category, actionable without proof of damage. Prosser comments, "Although the question has arisen in only one case, it appears very likely, in view of the popular feeling on the matter, that the imputation of homosexuality to either sex" would be actionable *per se*. We feel that in view of the changing temper of the times such presumed damage to one's reputation, from the type of utterances complained of in the instant case, is insufficient to mandate creation of such a category.

For the aforementioned reasons, that portion of the judgment striking Count I of the complaint is reversed and remanded.

*Reversed and remanded.*

DOWNING, P. J., and PERLIN, J., concur.