**JULIO CARINO, Plaintiff**

**v.**

**ADA GOLDEN, Defendant**

Civil No. 807/82

Territorial Court of the Virgin Islands
Div. of St. Croix at Christiansted

March 17, 1983

G. Luz A. James, Esq., Christiansted, St. Croix, *for plaintiff*

Edward H. Jacobs, Esq., Christiansted, St. Croix, *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on defendant's motion for summary judgment supported by the affidavits of defendant and two others who corroborate the defendant's averments. Plaintiff has filed a memorandum in opposition to the motion. For the reasons set forth below, the motion will be denied.

## I. FACTS

The cause of action asserted by plaintiff is one for slander arising out of the allegation that defendant called plaintiff a "punk" meaning homosexual. Defendant, in her affidavit, denies making the alleged statement and asserts that she said to plaintiff "Buenos dias, pato" which, translated into English, means "Good morning, duck".[1] She further asserts that the Spanish word for a "punk", or homosexual, is "mariscon" (sic).[2] No affidavits contradicting these assertions have been filed by plaintiff. Taking the uncontradicted assertions at face value then, it is conceded that defendant said, at least, "Buenos dias, pato". It is clear that there was a publication because the statement was intentionally made to, or heard by, one other than the person defamed.[3] Any act by which the defamatory matter is intentionally or negligently communicated to a third person is a publication. Restatement (Second) of Torts, § 577 comment a (1977).

## II. DISCUSSION

### A. *Rule 56 Standard*

Summary judgment is to be entered in a case only if the pleadings, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962).

---

[1] Paragraphs 4 and 7; Ada Golden's Affidavit.

[2] Id. at paragraph 7.

[3] Id. at paragraph 5; see also affidavits of Starr Encarnacion and Ruby Martinez.

■■ It is clear that when a motion for summary judgment is made and supported as set forth in Rule 56, an adverse party may *not* rest on the mere allegations or denials in his pleadings.[4] He must present some evidentiary matter showing there is a genuine issue of material fact that is worth bringing to trial, or else summary judgment, if otherwise appropriate, may be entered against him. 10 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2721 (1973). Thus the formal issues framed by the pleadings are not controlling on a motion for summary judgment and the Court must consider the issues presented by the other material offered by the parties on the motion. Tripoli Co. v. Wella Corp., 425 F.2d 932, 934–35, cert. denied, 340 U.S. 813 (1970). The Court will also examine the pleadings to ascertain what issues of fact they present and then consider the affidavits or other similar material to determine whether any of these issues are real and genuine. 10 C. Wright & A. Miller, supra.

■■ Furthermore, summary judgment should be granted only in clear cases. Season-All Indus., Inc. v. Turkiye Sise Ve Carn Fabrikalari, A.S., 425 F.2d 34 (3d Cir. 1970). If the evidence presented on the motion is subject to conflicting interpretations or reasonable men might differ as to its significance, summary judgment is improper. Bragen v. Hudson County News Co., 278 F.2d 615, 618 (3d Cir. 1960). Likewise, if observation of the demeanor of witnesses or affiants is necessary in order to evaluate their credibility as to a material fact, then again summary judgment would be improper. Fed. R. Civ. P. 56(e) advisory committee note (1963 amended).

### B. *Elements of Slander*

■ The elements of a cause of action for defamation, which

---

[4] The long established rule in most Circuits, except the Third Circuit, was that a general allegation in the complaint standing alone was *not* sufficient to withstand a motion for summary judgment which was supported by a prima facie showing that no genuine issue of material facts existed, and, if it clearly appeared on the motion that even though there was an issue under the pleadings there was no dispute as to controlling material facts, the motion should have been granted. 10 F. Poore & E. Koeber, Cyc. Fed. Proc. § 35.12(e) (3rd ed. 1968). To overcome contrary rulings, principally in the Third Circuit, that well-pleaded allegations in pleadings may be sufficient to defeat a motion for summary judgment . . . Rule 56 was amended to provide that when a motion for summary judgment is made and supported as provided in this Rule, an adverse party *may not rest upon the mere allegations . . . of his pleadings, but his response by affidavits or as otherwise provided in this Rule must set forth specific facts showing that there is a genuine issue for trial.* (Emphasis added.)

includes slander,[5] are outlined in the Restatement (Second) of Torts, § 558 (1977). To create liability for defamation there must be:

(a) a false defamatory statement concerning another;

(b) an unprivileged publication to a third party;

(c) fault amounting at least to negligence on the part of the publisher; and

(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

The first three of the foregoing elements are clearly alleged in the pleadings and affidavits. The last element determines whether the specific case requires proof of special harm depending on whether the slander alleged is either actionable per se or actionable per quod.

### C. *Distinction Between Slander Per Se and Slander Per Quod*

Most Courts have recognized a distinction between slander that is actionable per se, and that which is actionable per quod. Basically words actionable per se are indisputedly defamatory on their face without the aid of extrinsic evidence. As distinguished from language which is actionable per quod, they are words from which damage, by consent of men generally, flows as a natural consequence and the court may take judicial notice of that fact. 50 Am. Jur.2d Libel and Slander, § 9 (1970). In "per se" cases the defamation is such that in its natural and proximate consequence it would necessarily cause legal injury to the person defamed. Malice accordingly is presumed as a matter of law as are resultant damages. Therefore they need not be pleaded.[6] Id. Slander per se is generally publication of a statement which imputes to another:

(a) a criminal offense, or

(b) a loathsome disease, or

(c) matter incompatible with his business, trade, profession, or office, or

(d) serious sexual misconduct.

---

[5] Slander and libel are forms of defamatory communications. "Slander consists of the publication of defamatory matter by spoken words. . . ." Restatement (Second) of Torts, § 568 (1977).

[6] All actions which fall within the category of slander per quod require the proof of special harm. Restatement (Second) of Torts, § 575 (1977). Special harm, as the words are used in § 575 of the Restatement, means the proof of loss of something having economic or pecuniary value. Id. at comment b; see generally Prosser, Law of Torts, 754–60 (4th ed. 1971).

See Restatement (Second) of Torts, § 570 (1977). In the case at bar, upon examination of the alleged slanderous statement, the Court concludes that the statement is of such a nature that it simply could not fall within the parameters of the latter 3 categories. However, the Court must scrutinize category (a) more closely to determine if the alleged statement could fall within this class. If the statement is construed to mean an imputation of homosexuality it may constitute slander actionable without proof.[7] The cases regarding this subject are sparse and in disagreement as to whether the imputation of homosexuality alone is sufficient to constitute slander per se.

In a New York case, Stein v. Trager,[8] the Court held that the statement by the defendant that plaintiff was a homosexual was not slanderous per se since it did not charge the plaintiff with a punishable crime.[9] The cases that have held such words to be actionable per se are usually founded upon the premise that the word "homosexual" itself imputes the commission of a crime to a person. However, where homosexuality has not been declared a crime, and the words imputing that offense have not been made actionable by statute, then to charge acts of that character is not actionable per se.

In this jurisdiction, homosexuality is not a crime in itself nor are words imputing homosexuality actionable by statute. Applying this standard, we conclude that the slander, if any, is slander per quod which requires the proof of special harm. A review of the complaint confirms that plaintiff has pleaded, with the necessary particularity, special harm in his complaint[10] and thus fulfilled the requisites of this element of an action for slander.

---

[7] According to Prosser, a leading authority in the area of tort law, it appears that in view of the popular feelings on the matter, the imputation of homosexuality to either sex would be held to constitute a fifth category, actionable without proof of damage. Prosser, Law of Torts, 760 (4th ed. 1971).

[8] Stein v. Trager, 232 N.Y.S.2d 362, 30 Misc.2d 227 (1962).

[9] The Court held that since the charge of being a homosexual was not a crime punishable in the jurisdiction nor within the category of words tending to injure a person in his trade, occupation or business then the word was not actionable per se. Stein v. Trager at 364. See also Moricoli v. Schwartz, 46 Ill. App.3d 481, 361 N.E.2d 74 (1972) (where the Court held that statement that the plaintiff was a "fag" was not slanderous per se as importing commission of a crime).

[10] See paragraphs four and five of the complaint. It is a universal rule with respect to slander that special harm constitutes the sole basis for a recovery if the defamation complained of is actionable per quod. 50 Am.Jur.2d, Libel and Slander, § 418 (1970).

## CONCLUSION

■ Summary judgment is denied in this case for several reasons, all relating to the existence of genuine issues of material fact. First, there is a genuine issue of material fact as to the special harm claimed by plaintiff and thus this matter is not susceptible of the grant of summary judgment. Secondly, the Court finds that there is a genuine issue of material fact as to whether the communication was understood by those to whom it was published as having defamatory meaning. Notwithstanding the translation of the words "Buenos Dias, Pato", asserted by the defendant, this Court cannot help but recognize that the same phrase, when utilized in the vernacular translates as "Good Morning, fag".[11] The Court concludes that an observation of the witnesses is necessary, to make this determination because it involves questions of credibility. Finally, paragraph 2 of the complaint alleges that defendant called plaintiff a "punk". Paragraph 3 alleges that others heard the alleged statement and believed it to be a statement "intended to destroy plaintiff's character with being a homosexualist". Defendant's affidavit and the affidavits of those who allegedly heard the statement, assert that the defendant made no statement calling plaintiff a homosexual or punk. These contradictory matters create a genuine dispute as to a material issue of fact and thus require that summary judgment be denied.

---

[11] According to Restatement (Second) of Torts, at § 614, this is normally a function of the jury. However, in that there has been no jury demand and thus a right to trial by jury has been waived, that function lies within the province of the Court as the trier of fact.