**James BOHDAN, Appellant,**

v.

**ALLTOOL MFG., CO., et al.,
Respondents.**

No. C8–87–416.

Court of Appeals of Minnesota.

Sept. 8, 1987.

Review Denied Nov. 13, 1987.

Robert F. Ihinger, Jr., Richfield, for appellant.

Robert T. Stich, Minneapolis, Stuart E. Schmitz, St. Paul, for respondents.

Considered and decided by POPOVICH, C.J., NORTON and MULALLY, JJ.[*], with oral argument waived.

## OPINION

EDWARD D. MULALLY, Acting Judge.

Appellant brought an action against respondents to recover damages for alleged intentional and negligent acts. Respondents moved for summary judgment; the trial court granted summary judgment and dismissed the complaint. Appellant moved to amend, and the trial court denied the motion. Appellant brings an appeal from the summary judgment.

## FACTS

Appellant was employed by Alltool Manufacturing Company from February 2, 1979 through July 7, 1983 as a toolmaker. He alleged in his verified complaint that he was harassed by employees because they whistled certain tunes and patterns in his presence over 100 times a day; they sang certain songs over 50 times per day which cast aspersions on his sexual preference; they constantly repeated certain offensive slogans, including use of words which rhyme with "gay" or "queer"; certain individuals engaged in self-induced belching over 20 times a day; and they made constant references to alcohol and drinking, in an attempt to embarrass appellant as to his known alcohol problem and to force him into old and dangerous habits. He also alleged that he was defamed when certain employees slandered him by implying his sexual preference was other than heterosexual. In an affidavit submitted by appellant in opposition to the summary judgment motion, he realleged each allegation in his complaint, and asserted that the defamation took place in the work place and was published to all co-employees within earshot. Similar statements were made in his deposition.

Respondents, Alltool Manufacturing Company and officers, shareholders, and/or employees of Alltool, denied appellant's allegations of wrongdoing, and moved for summary judgment. In support of their motion, they submitted portions of depositions of appellant and appellant's psychiatrist, Dr. Patrick Curran. The depositions indicate that appellant claimed he was subject to the same type of harassment at his prior work place and subsequent work places, at Alcoholics Anonymous, the Army Reserve, the Masons and his skydivers club. Respondents submitted affidavits by all but one of the named defendants, in which each affiant asserted he never communicated or discussed any matter respecting appellant with anyone at any place of employment where appellant was employed subsequent to his employment with Alltool, the Army Reserve, Alcoholics Anonymous, the Masons, or any skydiving club.

Appellant, in his deposition, attributes the onset of the harassment to an incident

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

involving a former co-employee at Division Stamping, where he worked prior to his employment at Alltool. Appellant intervened when his co-workers continued to whistle at a woman at the office. Appellant asserts that since that time his co-workers at several places of employment harassed him in the manner described in the complaint. Curran explained that "word had gotten around, because of the cliquishness of toolmaking * * * of the way he had intervened at this job back at Division Stamping." Curran diagnosed appellant as having paranoia, and found that "persecutorial delusions" were a hallmark of his problems, and that he was suffering from a psychosis, or a break with reality, of unknown origins. He also referred to hallucinations. Curran said that behind every delusional system is a "kernel or a core or a mountain of truth." He noted that appellant's decision to sue was an appropriate response to his perception of harassment.

Based on this record, the trial court granted the motion for summary judgment. Appellant moved to amend the order granting summary judgments, and submitted an additional affidavit. The trial court denied appellant's motion. He appeals from the judgment.

## ISSUE

Did the trial court properly grant summary judgment?

## ANALYSIS

The trial court granted summary judgment and dismissed the entire complaint. The parties disagree as to which causes of action were before the court. Consequently, before addressing the propriety of the summary judgment, this court must determine the causes of action which were before the trial court when it ordered summary judgment.

Appellant alleged various causes of action in his complaint, arguably including slander, invasion of privacy, wrongful termination of employment, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. In a pretrial order, the court noted, in relevant part:

> Pl. is *not* claiming wrongful termination of employment; but rather, intentional and negligent infliction of emotional distress.

(Emphasis in original.)

At the hearing on the summary judgment motion, respondents argued that the pretrial order stated appellant was pursuing a cause of action based upon negligent and intentional infliction of emotional distress. They argued summary judgment should be granted for the invasion of privacy and slander claims as well, although they believed the pretrial order precluded consideration of these theories of recovery. Appellant argued against granting summary judgment for infliction of emotional distress and slander.

■ At a pretrial conference, issues may be simplified and frivolous claims or defenses may be eliminated. Minn.R.Civ.P. 16.03(1). A pretrial order entered after the conference controls the subsequent course of the action unless modified by a subsequent order. Minn.R.Civ.P. 16.05. The order shall be modified only to prevent manifest injustice, *id.*, and a balancing approach should be used to determine when a pretrial order should be modified. *Cotroneo v. Pilney*, 343 N.W.2d 645, 649 (Minn.1984). In this case, the modification of the order is not before the court; instead, the issue is whether appellant was limited to negligent and intentional infliction of emotional distress by the pretrial order. The order was silent as to the defamation and invasion of privacy claims.

Unlike the wrongful termination of employment claim, which was not explicitly stated in the complaint, the slander claim is clearly and explicitly set out. Appellant alleged specifically that at least five defendants slandered him by falsely implying and/or stating that his sexual preference

was other than heterosexual, damaging his reputation and subjecting him to the ridicule and revulsion of society. He asserted in his affidavit that the defamation complained of took place in the workplace and was published to all co-employees within earshot. Appellant also explicitly set out the invasion of privacy claims. We are unwilling to exclude the defamation or invasion of privacy claims on the basis that the pretrial order eliminated them, where there was no showing that the parties stipulated that these claims would not be included. Instead, the order reflects a determination that appellant did not make a wrongful termination of employment claim.

Having determined the causes of action upon which summary judgment was granted, we must next address whether the summary judgment was properly granted. A summary judgment may be judgment was granted, we must next address whether the summary granted to either party if "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03. The moving party has the burden of proof, and the nonmoving party has the benefit of the view of evidence most favorable to it; all doubts and factual inferences must be resolved against the moving party. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981). While a trial court has considerable discretion, great care should be exercised to allow a litigant to have a right to trial if there is a reasonable doubt as to the facts. *Abdallah, Inc. v. Martin,* 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

Pleadings, depositions, answers to interrogatories, admissions on file, and affidavits may be considered. When a summary judgment motion is made and supported as provided in Rule 56, an adverse party may not sit upon mere averments or denials of his pleadings, but must present specific facts showing a genuine issue for trial. A verified pleading which includes statements relating to competency, personal knowledge, and facts pursuant to Rule 56.05 may be sufficient to show specific facts offset-

ting evidence submitted by the moving party. *Corwine v. Crow Wing County,* 309 Minn. 345, 361, 244 N.W.2d 482, 490 (1976), *overruled on other grounds by Northwestern College v. City of Arden Hills,* 281 N.W.2d 865, 868 (Minn.1979). If the adverse party does not meet its burden, summary judgment, if appropriate, shall be entered against it. Minn.R.Civ.P. 56.05.

■ Appellant asserts that his second affidavit, submitted at the time of his motion for amended findings, should be considered in determining whether the trial court erred when it granted respondents' summary judgment motion. However, the party opposing the summary judgment motion "must demonstrate *at the time* the motion is made that specific facts are in existence which create a genuine issue for trial." *Erickson v. General United Life Insurance Co.,* 256 N.W.2d 255, 259 (Minn. 1977) (emphasis added); *see Dalco Corp. v. Dixon,* 338 N.W.2d 437, 440 (Minn.1983). Consequently, the second affidavit will not be considered.

### A. Invasion of Privacy

■ As appellant acknowledges below and in his brief on appeal, Minnesota has not recognized a cause of action for invasion of privacy. *Hendry v. Conner,* 303 Minn. 317, 319, 226 N.W.2d 921, 923 (Minn. 1975); *House v. Sports Films & Talents, Inc.,* 351 N.W.2d 684, 685 (Minn.Ct.App. 1984). Summary judgment was properly granted on this claim.

### B. Defamation

The elements of a defamation action are clearly stated:

> In order for a statement to be considered defamatory, it must be communicated to someone other than the plaintiff, it must be false, and it must tend to harm the plaintiff's reputation and to lower him or her in the estimation of the community.

*Lewis v. Equitable Life Assurance Society,* 389 N.W.2d 876, 886 (Minn.1986);

*Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 255 (Minn.1980).

■ Appellant asserted in his verified complaint that some respondents falsely implied and/or stated his sexual preference was other than heterosexual, and in his deposition he denied involvement in homosexual activity. Respondents argue there was no showing the alleged statements were published; the affidavits they submitted state that none of the individuals who worked with appellant communicated anything about appellant to anyone outside Alltool, where appellant was employed. However, appellant asserted in his affidavit that the defamation complained of took place in the work place and was published to all co-employees within earshot. The alleged actions and statements by the respondents are at least reasonably susceptible of a defamatory meaning. *Phipps v. Clark Oil & Refining Corp.*, 408 N.W.2d 569, 573 (Minn.1987). Appellant has made a sufficient showing of a genuine issue of material fact as to whether certain defendants defamed him by falsely stating or implying he was homosexual. *See Schomer v. Smidt*, 113 Cal.App.3d 828, 170 Cal. Rptr. 662 (1981), disapproved on other grounds, *Miller v. Nestande*, 192 Cal. App.3d 191, 237 Cal.Rptr. 359 (1987); *Moricoli v. Schwartz*, 46 Ill.App.3d 481, 5 Ill. Dec. 74, 361 N.E.2d 74 (1977).

### C. *Negligent Infliction of Emotional Distress*

Appellant, in his brief, asserted a claim of negligence against his supervisors at Alltool, for their failure to stop the alleged harassment by co-employees. In appellant's reply brief, he clarifies that "all the negligence referred to by Appellant falls under the category negligent infliction of emotional distress" and the trial court in its pretrial order included negligent infliction of emotional distress as one of the causes of action. It is therefore necessary to determine whether appellant has shown that there are any material facts at issue as to his claim of negligent infliction of emotion-

al distress, and, if not, whether respondents were entitled to summary judgment as a matter of law.

■ A plaintiff may recover for negligent infliction of emotional distress when that plaintiff is within a zone of danger of physical impact, reasonably fears for his or her own safety, and consequently suffers severe emotional distress with resultant physical injury. *Stadler v. Cross*, 295 N.W.2d 552, 553 (Minn.1980); *Leaon v. Washington County*, 397 N.W.2d 867, 875 (Minn.1986); *see also Quill v. Trans World Airlines, Inc.*, 361 N.W.2d 438, 441–42 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. April 18, 1985). Appellant presented no facts showing he was in a zone of danger of physical impact and reasonably feared for his own safety. He thus cannot recover under this theory.

■ An exception to the "zone of danger" rule is that a plaintiff may recover damages for mental anguish or suffering for a direct invasion of his rights, such as defamation, malicious prosecution, or other willful, wanton or malicious conduct. *State Farm Mutual Automobile Insurance Co. v. Village of Isle*, 265 Minn. 360, 367–68, 122 N.W.2d 36, 41 (1963); *Kamrath v. Suburban National Bank*, 363 N.W.2d 108, 111 (Minn.Ct.App.1985). Thus, if appellant's defamation action stands, he may assert negligent infliction of emotional distress. Otherwise, there is no basis for the cause of action under these facts.

### D. *Intentional Infliction of Emotional Distress*

■ The final theory of recovery appellant asserts is intentional infliction of emotional distress. In *Hubbard v. United Press International, Inc.*, 330 N.W.2d 428, 438 (Minn.1983), the supreme court first recognized intentional infliction of emotional distress as a separate and independent tort. Four elements are necessary to sustain a claim: (1) the conduct must be extreme and outrageous; (2) the conduct

must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe. *Id.* at 438–39. The supreme court went on to discuss the specifics of the type of facts which could support a claim of this sort.

> [T]he type of actionable conduct referred to in the Restatement as "extreme and outrageous" must be "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." *Haagenson v. National Farmers Union Property and Casualty Co.,* 277 N.W.2d 648, 652 n. 3 (Minn. 1979), *citing* Restatement (Second) of Torts § 46 comment d (1965). A complainant must sustain a similarly heavy burden of production in his allegations regarding the severity of his mental distress. Expounding the meaning of "severe emotional distress" the Restatement commentary says in part that "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Restatement (Second) of Torts § 46 comment j (1965).

*Id.* at 439. The extreme nature of conduct necessary to invoke the tort and the necessary severity of consequent mental distress emphasizes the limited nature of the action and the strong policy to prevent fictitious and speculative claims. *Id.*

■ The trial court must first determine whether the evidence offered to prove severe distress is sufficient to go to the jury. The court may look to the intensity and duration of the distress. *Cafferty v. Garcia's of Scottsdale, Inc.,* 375 N.W.2d 850, 853 (Minn.Ct.App.1985). "If the claimed distress is of the type people commonly encounter and endure in their lives, then the claim should not even be submitted to the jury." *Id.* at 853. Even if severe emotional distress exists, the defendant may escape liability if the distress is exaggerated in comparison to what a reasonable person would experience under the circumstances, unless it results from a peculiar susceptibility to such distress of which the

defendant had knowledge. *Id.* at 854. The supreme court has stressed the importance of a sufficient showing of the severity of the emotional injury. *Hubbard,* 330 N.W.2d at 440.

The severity of emotional distress necessary to sustain a claim has been discussed in several cases. In *Hubbard,* although Hubbard testified he had been depressed and physically ill, including stomach disorders, skin rash and high blood pressure, medical evidence was conspicuously absent. Because the extent of the injury proved by the record did not exceed that of any employee criticized by an employer, the court found that the jury should not have been permitted to find the distress was so severe that no reasonable person could expect to endure it. *Hubbard,* 330 N.W.2d at 440. In *Venes v. Professional Service Bureau, Inc.,* 353 N.W.2d 671, 673 (Minn.Ct.App. 1984), the conduct was irritating, insulting, threatening, and angered the plaintiff. The stress of the calls and litigation aggravated preexisting medical problems, such as migraines, ulcers and spastic bowel syndrome. While the question was close, this court found the evidence sufficient. *Id.* at 674.

■ The verified complaint and the first affidavit submitted alleged that the harassment caused appellant severe mental, emotional, and physical distress. These mere allegations, standing alone, would not be sufficient to withstand summary judgment. The deposition from appellant's treating psychiatrist which respondents submitted was the only medical evidence presented to the court. While the respondents included the entire deposition in their appendix, only portions of that deposition were submitted to the trial court, and only those portions will be considered.

Appellant was diagnosed by his psychiatrist as having a paranoid disorder and was briefly hospitalized. However, the deposition does not link the disorder to the alleged harassment. The appellant did not produce facts to meet the burden imposed

under *Hubbard.* The trial court properly granted summary judgment on this cause of action. These facts were within appellant's control, but were not set forth. *Tibbetts v. Crossroads, Inc.,* 411 N.W.2d 535 (Minn.Ct.App.1987).

## DECISION

The summary judgment is affirmed as to the intentional infliction of emotional distress and invasion of privacy claims, and reversed and remanded for trial as to the defamation and negligent infliction of emotional distress claims.

Affirmed in part, reversed in part, and remanded.