# CIRCUIT COURT OF THE CITY OF NORFOLK

Queen G. Starks

v.

Robert J. McCabe et al.

October 28, 1998

Case No. (Law) L98-1809

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff has filed a four count motion for judgment of eighty-one numbered and thirty unnumbered paragraphs against the Sheriff of Norfolk and two of his employees. The four causes of action are defamation, intentional infliction of emotional distress, statutory conspiracy, and breach of a fiduciary duty. The acts complained of arise out of the plaintiff's employment with the Sheriff's Department from March to August 1997. The defendants have filed a demurrer, which I sustain.

As the plaintiff stated at the hearing on the demurrer that she had received her J.D. degree and had sat for the bar exam, I believe it is appropriate to call Rule 1:4(j) to her attention. Most of the factual allegations in the motion for judgment are unnecessary.

## Defamation

The motion for judgment alleges that defendant Diane Woods made two defamatory statements. First, she told an unnamed deputy sheriff that the plaintiff was a lesbian. Second, she told the plaintiff "I want to make sure he does not catch anything from you." The plaintiff claims that both statements are defamatory *per se*, and she appears to claim the latter statement is also actionable under Code of Virginia § 8.01-45 as "insulting words." She alleges defendant Michael O'Toole defamed her by providing false information to the Virginia Employment Commission ("VEC") about the reasons for her discharge.

With regard to the information Mr. O'Toole gave the VEC, the defendants demur under Va. Code § 60.2-623(B). That statute provides that information furnished to the VEC in the adjudication of claims for unemployment benefits shall not "be used in any judicial ... proceeding other than one arising out of the provisions of this title." This action does not arise out of Title 60.2 of the Code, and the statute's unqualified prohibition of the use of such information in this action bars my consideration of it. The demurrer is sustained as to the information Mr. O'Toole gave the VEC.

The defendants have demurred to the two other statements on the grounds that the statements are not alleged *in haec verba*; that they were not published; and that they are not defamatory. The statements are set out in quotation marks in paragraphs 14 and 22. I thus assume the plaintiff alleges these are the exact words Ms. Woods spoke. The plaintiff alleges in paragraph 22 that Ms. Woods made that statement in the presence of other employees and that the statement in paragraph 14 was made to an unnamed third person. These are sufficient allegations of publication. See *Food Lion, Inc.* v. *Melton*, 250 Va. 144, 151, 458 S.E.2d 580, 585 (1995). The first two grounds of the demurrer to these statements are overruled.

It is for the Court to determine initially as a matter of law whether a statement is capable of a defamatory meaning, *Moseley* v. *Moss*, 47 Va. (6 Gratt.) 534, 539 (1850); *Yeagle* v. *Collegiate Times*, 255 Va. 293, 296, 497 S.E.2d 136, 137 (1997), or is defamatory *per se*. *Gazette* v. *Harris*, 229 Va. 1, 22, 325 S.E.2d 713, 729 (1985).

The four classes of statements that are defamatory *per se* at common law are:

(1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a

person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade.

*Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 7, 82 S.E.2d 588, 591 (1954).

Defamation may be made by implication, but even if I assume the statement in paragraph 22 imputes to the plaintiff an infection with a contagious disease, there is nothing in the averment or the colloquium that would allow me to conclude that the disease would exclude the plaintiff from society. The disease allegedly imputed could just as easily be the common cold or measles, as leprosy, syphilis, or the plague. The statement as pleaded is too equivocal to be actionable as defamation, and the demurrer is sustained.

The plaintiff appears also to claim this statement is actionable under Code § 8.01-45. However, to be actionable under the statute the words must also be defamatory. *Carwile, supra*, 196 Va. at 6, 82 S.E.2d at 591; *Crawford* v. *United Steel Workers*, 230 Va. 217, 335 S.E.2d 828 (1985). The demurrer is sustained to an action under the statute for this statement.

This leaves the allegation that the plaintiff is a lesbian. The plaintiff appears to claim in the fifth unnumbered paragraph that this is defamatory *per se*, and thus I do not consider if it may be defamatory *per quod*. If this statement is defamatory *per se*, it must be under the first, third, or fourth class.

The courts that have considered whether an allegation of homosexuality is defamatory *per se* under the first class are divided. Some hold that an imputation of homosexuality alone implies the commission of an act made criminal by Code § 18.2-361(A). *Buck* v. *Savage*, 323 S.W.2d 363 (Tex. Ct. App. 1959); *Mazart* v. *State*, 441 N.Y.S.2d 600, 109 Misc.2d 1092 (1981). Other courts have held that an allegation of homosexuality, without an allegation that the plaintiff committed a homosexual act, is not sufficient to impute the commission of a crime. *Stein* v. *Trager*, 232 N.Y.S.2d 362, 36 Misc. 2d 227 (1962); *Moricoli* v. *Schwartz*, 46 Ill. App. 3d 481, 5 Ill. Dec. 74, 361 N.E.2d 74 (1977). See generally cases at 3 A.L.R. 4th 752 (1981).

I find the latter cases more persuasive. Fornication and sodomy are crimes in Virginia, Code §§ 18.2-344, 18.2-361(A), and an allegation a person has committed either offense is defamatory *per se*. See *Payne* v. *Tancil*, 98 Va. 262, 35 S.E.2d 725 (1900). Both homosexual and heterosexual acts of sodomy are punishable under § 18.2-361(A). A statement that a person is heterosexual

does not clearly impute that he has committed fornication or sodomy. Nor does a statement that a woman is a lesbian clearly impute that she has committed sodomy.

The motion for judgment pleads no colloquium in relation to this statement, and as the Court in *Payne* held:

> The question is, are these words *per se* actionable? Words are actionable without a colloquium if they consist of a statement of facts or matters which clearly and unequivocally impute to the party charged a criminal offense involving moral turpitude, or which would subject him to an infamous punishment.
>
> In determining whether or not the language does impute a criminal offense, the words must be construed in the plain and popular sense in which the rest of the world would naturally understand them. It is not necessary that they should make the charge in express terms. It is sufficient if they consist of a statement of matters which would naturally and presumably be understood by those who heard them as charging a crime.

*Id.* at 263-64, 35 S.E. at 725 (citations omitted).

With respect to the third and fourth classes of words that are defamatory *per se*, an allegation of being a lesbian does not impute unfitness to perform the duties of a pre-trial release case manager. The plaintiff referred to her "future career as an attorney" in paragraph 78, but she does not plead that she has been admitted to the bar and is engaged in the practice of law. She also alleges in paragraph 79 that she has sought employment with the City of Norfolk. However, the plaintiff has not stated in the motion for judgment what her profession or trade is or what particular office or employment of profit she holds. Thus the allegation of her being a lesbian cannot be defamatory *per se* as pleaded under either of these classes, and the demurrer is sustained.

### Intentional Infliction of Emotional Distress

The defendants have demurred to this count based on the plaintiff's failure to plead the second and fourth elements of the tort, i.e., outrageous and intolerable conduct and severe emotional distress. The Supreme Court of Virginia first recognized this cause of action in *Womack* v. *Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974). For the action to lie, the alleged conduct must be "outrageous and intolerable in that it offends against the generally accepted

standards of decency and morality." *Id.* at 342, 210 S.E.2d at 148. The *Womack* Court held:

> It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.

*Id.*

The Supreme Court confirmed the role of circuit courts in reviewing this cause of action in *Ruth* v. *Fletcher*, 237 Va. 366, 368, 377 S.E.2d 412, 413 (1989). The Court also stated that the tort is "not favored" because the type of injury necessarily alleged is difficult to verify. *Id.* at 373, 377 S.E.2d at 415.

In *Russo* v. *White*, 241 Va. 23, 400 S.E.2d 160 (1991), the Supreme Court further discussed the requirements of "outrageous and intolerable" behavior. The Court held in pertinent part:

> [I]t is insufficient for a defendant to have "acted with an intent which is tortious or even criminal" ... . Even if a defendant "has intended to inflict emotional distress," or his conduct can be "characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort," the requirement of [outrageousness] has not been satisfied. 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Id.* at 27, 400 S.E.2d at 163 (citations omitted).

The Court in *Russo* also stated that even on demurrer the circuit court is not bound by the conclusory allegations of a motion for judgment pleading this tort:

> keeping in mind that the trial court must initially determine whether the facts *alleged* will support a finding of both outrageousness and severe emotional distress ... .

But, even on demurrer, the court is not bound by such conclusory allegations when the issue involves, as here, a mixed question of law and fact … . In the present claim, "a plaintiff must *allege all facts* necessary to establish" the cause of action.

*Id.* at 26-7, 28, 400 S.E.2d at 163 (emphasis added).

Instances of pettiness, vindictiveness, rudeness, and mendacity among employees of large organizations and, indeed, among mankind, are innumerable. I conclude as a matter of law that those the plaintiff alleges are not so outrageous and extreme as to go beyond all possible bounds of decency.

With respect to "severe emotional distress," the *Russo* Court listed many forms of mental distress and then held:

But liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it.

*Id.* at 27, 400 S.E.2d at 163.

The plaintiff in *Russo* alleged nervousness, insomnia, stress and its symptoms, withdrawal from activities, and inability to concentrate at work. *Id.* at 28, 400 S.E.2d at 163. The plaintiff here alleges only "severe emotional distress and severe depression." The Court in *Russo* noted the plaintiff had not claimed she had suffered any objective physical injury, was hospitalized, sought medical attention, or was confined at home. *Id.*

*Webster's Encyclopedic Unabridged Dictionary of the English Language* (1989) gives several definitions for "depression:"

4. Dejection; sadness; gloom. 5. *Psychiatry.* A condition of general emotional dejection and withdrawal; sadness greater and more prolonged than that warranted by any objective reason.

Dejection, sadness, and gloom are emotions almost everyone who enters the workplace suffers at some time. Without more, they are hardly "so severe that no reasonable person could be expected to endure" them. I thus also conclude that the plaintiff's bare assertion that the defendants' actions caused her "severe emotional distress and severe depression" does not satisfy the fourth element. The demurrer to this count is sustained.

### Statutory Conspiracy

The defendants are the Sheriff of Norfolk and two of his employees. All of the plaintiff's allegations relate to acts the defendants committed during their employment. If the defendants are all agents of a single entity and are acting within the scope of their employment only one entity exists, and a single entity cannot conspire with itself; ordinarily a determination whether the employees were acting within the scope of their employment requires an evidentiary hearing. *Fox* v. *Deese*, 234 Va. 412, 428, 362 S.E.2d 699, 708 (1987). However, here there is no allegation the defendants were acting outside their employment, nor may such an inference be fairly drawn from the facts alleged. The demurrer to this count is sustained on this ground, and I do not decide what protection, if any, the statutes give employment interests.

### Breach of Fiduciary Duty

The defendants demur to this count because they claim there is no general fiduciary duty from employer to employee. I agree. If the employer owed a fiduciary duty to the employee, it would be extraordinarily difficult, if not impossible, to terminate the employee, and this would be inconsistent with Virginia's historic policy of employment at will. The demurrer to this count is sustained.

Mr. VanderMeer shall prepare the appropriate order allowing the plaintiff to file an amended motion for judgment within twenty days of the date of this letter if she be so advised.