M. Jay JENSEN, et al., Appellants,

v.

James V. WALSH, et al., Respondents,

and

Timothy L. Schacher, Respondent.

No. C4–99–1763.

Court of Appeals of Minnesota.

April 18, 2000.

Review Granted June 27, 2000.

---

Brian N. Toder, Brian N. Toder, Ltd., St. Paul, MN (for appellants).

John M. Gearin, Roger A. Christianson, St. Paul, MN (for respondents James and Patricia Walsh).

Timothy Schacher, South St. Paul, MN (pro se respondent).

Considered and decided by WILLIS, Presiding Judge, KALITOWSKI, Judge, and HALBROOKS, Judge.

## OPINION

KALITOWSKI, Judge.

Appellants Jay and Patricia Jensen and William and Celeste Spooner contend the district court erred in (1) granting summary judgment to respondents on the Jensens' claim for intentional infliction of emotional distress; and (2) denying appellants' motion to amend their complaint to add a count for punitive damages.

## FACTS

Jay and Patricia Jensen lived next to respondents James and Patricia Walsh on property bordering the Mississippi River. The Jensens lived primarily in a houseboat they kept moored to their property. Patricia Jensen's nephew, William Spooner, resided in the Jensens' home with his wife, Celeste Spooner.

Appellants claimed that the Walshes, the Walshes' acquaintance respondent Timothy L. Schacher, and Patricia Walsh's daughter S.W. harassed them and vandalized their property because of a dispute

over the location of the houseboat. Appellants sued respondents for intentional infliction of emotional distress and intentional damage to property.

In support of their claims, appellants allege three incidents: (1) one night during the summer of 1996, James Walsh and Schacher disconnected and removed appellants' electric meter and cut the phone lines running to appellants' houseboat; (2) later in the summer, James Walsh drove his boat by the houseboat splashing water and sand on it; and (3) in August 1996, on the eve of the Spooners' wedding, respondents allegedly sprayed obscenities on appellants' garage, threw eggs at appellants' property, and punctured appellants' automobile tires. Appellants also claimed that (1) the Walshes yelled obscenities at them; (2) respondents impeded their use of the common access road; and (3) Patricia Walsh performed acts of "witchcraft."

The Jensens presented expert testimony from a psychologist that they suffered depressed moods and anxiety, and had difficulty sleeping as a result of these events and that Patricia Jensen suffered a decreased ability to concentrate at work. Jay Jensen also testified that he experienced stress in his chest and intestinal system, vomiting, and headaches.

Respondents moved for and were granted summary judgment on the claim for intentional infliction of emotional distress. Appellants later made a motion for leave to amend their complaint to add a claim for punitive damages, which the district court denied on the basis that punitive damages were not available because only claims for property damage remained. The parties subsequently entered into a stipulation resolving the claim for property damages. Under the stipulation, appellants expressly reserved the right to appeal the grant of summary judgment on the intentional infliction of emotional distress claim and the order denying leave to amend the complaint to seek punitive damages.

## ISSUES

1. Did the district court err in granting summary judgment to respondents on the claim for intentional infliction of emotional distress?

2. Did the district court err in denying appellants' motion to amend their complaint to include a claim for punitive damages?

## ANALYSIS

### I.

To sustain a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the conduct was extreme and outrageous; (2) the conduct was intentional or reckless; (3) it caused emotional distress; and (4) the distress was severe. *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438–39 (Minn.1983). On a claim for intentional infliction of emotional distress, summary judgment is proper if a party does not meet the high standard of proof needed for the claim. *Strauss v. Thorne*, 490 N.W.2d 908, 913 (Minn.App.1992), *review denied* (Minn. Dec. 15, 1992). It is for the court to determine whether the evidence would support a finding of severe emotional distress; it is for the jury to determine whether, on the evidence, such distress in fact existed. *Cafferty v. Garcia's of Scottsdale, Inc.*, 375 N.W.2d 850, 853 (Minn.App. 1985).

A plaintiff has a heavy burden of production regarding the severity of the mental distress. *Hubbard*, 330 N.W.2d at 439. Emotional distress is sufficiently severe only if no reasonable person could be expected to endure it. *Eklund v. Vincent Brass and Aluminum Co.*, 351 N.W.2d 371, 379 (Minn.App.1984), *review denied* (Minn. Nov. 1, 1984). The claim should not be submitted to a jury if the distress is of the sort people commonly endure in life. *Lee v. Metropolitan Airport Comm'n*, 428 N.W.2d 815, 823 (Minn.App.1988).

We conclude that the district court properly dismissed the claim of intentional infliction of emotional distress as a matter of law because there is insufficient evidence of severe emotional distress. *See, e.g., Hubbard,* 330 N.W.2d at 440 (holding that allegations of depression, vomiting, stomach disorders, rash, and high blood pressure without supporting medical evidence were not sufficiently severe as a matter of law); *Elstrom v. Independent Sch. Dist. No. 270,* 533 N.W.2d 51, 57 (Minn.App.1995) (holding that distress including insomnia, crying spells, a fear of answering the door and telephone, and depression necessitating treatment was not sufficiently severe), *review denied* (Minn. July 27, 1995); *Strauss,* 490 N.W.2d at 913 (holding that general embarrassment, nervousness, and depression were not sufficient to support a claim of intentional infliction of emotional distress); *Bohdan v. Alltool Mfg., Co.,* 411 N.W.2d 902, 908–09 (Minn.App.1987) (holding that claims of severe distress insufficient to withstand summary judgment due to lack of medical evidence, linking plaintiff's paranoid disorder to alleged harassment), *review denied* (Minn. Nov. 13, 1987).

The Jensens alleged that they suffered depressed moods, difficulty sleeping, and anxiety. Patricia Jensen also alleged an inability to concentrate at work. Jay Jensen claimed, without supporting medical evidence, that he generally experienced stress in his chest and intestinal system and that he experienced vomiting and headaches. These allegations, even if found to be true, do not meet the legal standard of severe emotional distress because we cannot conclude that the claimed distress is so severe that no reasonable person could be expected to endure it; rather, the allegations here are similar to those in *Hubbard,* which were found insufficient as a matter of law. *Hubbard,* 330 N.W.2d at 440.

On appeal the Jensens rely heavily on the statement by their expert psychologist that they suffered "a severe degree of acute emotional distress." But a psychologist's conclusion that the distress was severe does not necessarily satisfy the legal definition of severe emotional distress. While experts can offer opinions, the district court ultimately decides whether a standard is met as a matter of law. Because the Jensens failed to establish severe emotional distress, we conclude the district court properly determined they cannot maintain a claim for intentional infliction of emotional distress as a matter of law.

## II.

Appellants argue that the district court erred in determining punitive damages are not allowed in the absence of personal injury. This presents a question of law, which we review de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

The most recent Minnesota Supreme Court case on this issue is *Independent Sch. Dist. No. 622 v. Keene Corp.,* 511 N.W.2d 728 (Minn.1994). In *Keene,* the school district sought both recovery of the costs of asbestos removal and punitive damages, based on its allegations of negligence, strict liability, breach of implied warranties, breach of express warranties, and fraud. *Id.* at 729. The supreme court cited *Eisert v. Greenberg Roofing & Sheet Metal Co.,* 314 N.W.2d 226, 228 (Minn. 1982), for the proposition that punitive damages are not recoverable in a strict products-liability action where the plaintiff suffers only property damage. *Keene,* 511 N.W.2d at 732. The supreme court found that the rationale in *Eisert* applied even though the school district alleged more than just strict liability claims. *Id.* The court concluded that the school district could not obtain punitive damages because it only suffered property damage:

> We believe now as we did in *Eisert* that denying punitive damages where a plaintiff only suffers property damage reflects the greater importance society places on protecting people.

*Id.* Appellant contends the district court erred by not limiting the *Keene* holding to products-liability cases. We disagree.

Initially we note that this court has interpreted *Keene* differently in two opinions. In *Soucek v. Banham,* 524 N.W.2d 478, 480 (Minn.App.1994), *review denied* (Minn. Jan. 25, 1995), the court broadly interpreted *Keene* and applied the personal injury requirement to non-products actions. In *Molenaar v. United Cattle Co.,* 553 N.W.2d 424, 428 (Minn.App.1996), the court concluded that the personal injury requirement only applied to the availability of punitive damages in products-liability actions. We find *Soucek's* interpretation of *Keene* to be more persuasive.

In *Soucek,* the court held that a pet owner could not recover punitive damages when police officers shot and killed his pet because he did not suffer personal injury. 524 N.W.2d at 480. The court construed *Keene* as holding that personal injury is a necessary antecedent to a claim for punitive damages, stating, "[t]he supreme court specifically held in *Keene* that, regardless of the liability theory, punitive damages are not allowed where a plaintiff suffers no personal injury." *Id.*

We agree with the *Soucek* court's construction of *Keene.* First, as noted by the supreme court, the remedy of punitive damages concerns the " 'vital state interest of protecting persons against personal injury.' " *Keene,* 511 N.W.2d at 732 (quoting *Gryc v. Dayton–Hudson Corp.,* 297 N.W.2d 727, 737 (Minn.1980)). We conclude that this vital interest is the same regardless of the theory of liability involved. Second, .the specific factual context of the *Keene* holding supports the *Soucek* court's broad interpretation. In *Keene,* the plaintiffs alleged both products-liability and common-law tort claims but the supreme court did not limit its holding to only the strict products-liability claim. 511 N.W.2d at 732. Moreover, although the allegations in *Keene* involved the health hazards of asbestos, the supreme court reversed an award of punitive dam-

ages because there was no actual personal injury. *Id.* at 729, 732. These facts suggest that regardless of the liability theory, the preeminent concern is whether personal injury is involved. Appellant argues that the plain language of the court's syllabus in *Keene* makes injury a prerequisite for punitive damages only if a party is injured by a product. But we note that the body of the opinion includes broad language indicating that personal injury is required regardless of the theory of liability. *Id.* at 732.

Appellants also argue that *Keene* was overturned by *Phelps v. Commonwealth Land Title Ins. Co.,* 537 N.W.2d 271 (Minn.1995). We disagree. *Keene* was not even mentioned in *Phelps.* Moreover, *Phelps* addresses only whether both punitive damages and double actual damages are allowed in a Minnesota Human Rights Act case. The court's analysis focused on whether awarding double actual damages and punitive damages in the same case was duplicative, and not on whether personal injury was required for punitive damages. *Id.* at 276–77.

We conclude that pursuant to the supreme court's holding in *Keene,* a party may not recover punitive damages absent a personal injury.

### DECISION

The district court did not err in determining that appellants' allegations of severe emotional distress were insufficient as a matter of law. The district court properly concluded that punitive damages were not available in the absence of personal injury.

**Affirmed.**