**MARCUS MONROSE, Plaintiff**

v.

**B AND O ENTERPRISES, INC. d/b/a TIRE WORLD, Defendant**

Civil No. 71/1990

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

August 5, 1991

SMOCK, *Judge*

## ORDER

This matter is before the court on motion by the defendant, B & O Enterprises, Inc. d/b/a Tire World (hereinafter "Tire World"), for

summary judgment. The plaintiff's action is for damages as a result of alleged defamatory statements made by Tire World to the Virgin Islands Police Department which resulted in the arrest and detention of the plaintiff, Marcus Monrose (hereinafter "Mr. Monrose"). The criminal case was later dismissed with prejudice.

In support of its motion for summary judgment, Tire World asserts that Mr. Monrose has not overcome the privileged communication defense. Mr. Monrose opposes Tire World's motion on the grounds that the statements made were false, that the arrest was false, without good cause and that he suffered as a result of those statements. The court recognizes a privileged defense. However, it is not the Restatement (Second) of Torts, Sections 593 and 594 (1977), since those sections were replaced by Title 14 V.I.C. 1178 which grants an absolute immunity to witnesses. As a result, the court will grant Tire World's motion for summary judgment based on the fact that witnesses have absolute immunity from tort damage actions when the statements made are related to the proceedings and assist the judicial process by helping to ascertain the truth. See, Burns v. Reed, 111 S. Ct. 1934 _____ (1991).

■  Before addressing the summary judgment and absolute immunity issues, it is important to establish, at the onset, what claims can actually be brought against Tire World. Private parties are not responsible for obtaining arrest warrants. As a result, the claim that the arrest was false and without good cause cannot be brought against a private party. Tire World would not know what it takes to get an arrest warrant, nor does any citizen have the control over the Police Department and/or the Judge and should not be held accountable for their actions. The police officer after conducting his or her investigation must then decide whether he or she has probable cause to justify requesting a warrant from the court. Therefore, the false arrest and lack of good cause are no more the private citizen's responsibility than the grand jury's determination to indict is a witness' responsibility. The court, as a result, will not hold Tire World responsible for the Government's decision to arrest Mr. Monrose.

The Supreme Court has made some important determinations that clarify the extent of the witness' immunity. Yet, at the same time, the Supreme Court has left unanswered what the bounds of absolute witness immunity are. As a result, the Circuit Courts have been pressured to extend the immunity expressed in Briscoe v. LaHue, 460 U.S. 325 (1983), to include testimony at the pretrial stage of the judi-

cial process. See Williams v. Hepting, 844 F.2d 138, 142 (3d Cir. 1988), preliminary hearings, and at suppression hearings. Id. citing, Kiohn v. United States, 742 F.2d 24, 31 (1st Cir. 1984). See also, Collins v. Walden, 613 F.Supp. 1306 (D.C. Ga. 1985) aff'd. without an opinion. 784 F.2d 402 (11th Cir. 1986).

> The search for evidence often requires interviews with persons who may not actually testify at trial but who are nonetheless important to the process because they might know of someone else whose testimony would be more helpful. The possibility that they may be forced to defend a lawsuit for damages can only discourage such people from becoming involved. The court's need for evidence demands that *all* participants in the process of gathering evidence for use at trial be immune from any liability for damages for their part, however small, in that process.

Id. at 1315. Essentially, the courts have extended the reasoning in Briscoe to include adversarial pretrial proceedings if the truth-seeking function of the proceeding is to be fully served. See, Williams, 844 F.2d at 142. Burns v. Reed, 111 S.Ct. 1934, _____, 1991 U.S. Lexis 3018 _____, went on to add that the statements must be ". . . related to the proceedings . . ."

If the court finds that the absolute immunity protects Tire World's statements to the Police Department then there will be no need to inquire into the truth or malicious intent of Tire World because the absolute immunity will protect Tire World from damages liability based on its testimony, even if Tire World knew the statements were false and made them with malice. Briscoe, 460 U.S. at 332.

■ As the court in Briscoe pointed out, "witnesses are integral parts of the judicial process and, accordingly, are shielded by absolute immunity." Id. at 333. The question this court is faced with is whether statements to the Police Department constitute part of the judicial process. If those statements are analogous to testimony given during grand jury proceedings, i.e., not under oath, without cross-examination and prior to arrest, then the answer is yes. See, Williams, 844 F2d at 142, citing Briggs v. Goodwin, 712 F.2d, 1444, 1448–1449 (D.C. Cir. 1983). If the statements are more analogous to appearing at a probable cause hearing, then according to Burns v. Reed, ". . . a probable cause hearing is intimately associated with the judicial phase of the criminal process" and therefore the court will afford witnesses absolute immunity. Burns, 111 S.Ct at _____, 1991

U.S. Lexis 3018 at _____. This court finds that either analogy supports applying the absolute immunity protection to statements made to Police Officers at the Police Department. Whether the case was dismissed, or the charges were dropped, or the Government lost the criminal case, does not change the result because the objective sought by granting witnesses absolute immunity applies for all of the aforesaid situations.

The court in Williams, 844 F.2d at 143 recognized that ". . . other courts have refused to extend witness immunity to pretrial settings." In response to those court decisions the Third Circuit said, "But we do not find the rationales underlying these cases to be persuasive. They do not respond to the public policy considerations that we set forth in Brawer and that the Court acknowledged in Briscoe. Especially, they do not respond to the reality that '[a] witness who knows that he might be forced to defend a subsequent lawsuit, and perhaps to pay damages, might be inclined to shade his testimony in favor of the potential plaintiff, to magnify uncertainties, and thus to deprive the finder of fact of candid, objective, and undistorted evidence.'" Briscoe, 460 U.S. at 333. And what does the public policy wish to encourage, allowing the witness ". . . to make full disclosure of all pertinent information within their knowledge. . ." Williams, 844 F.2d at 141, citing Brawer v. Horowitz, 535 F.2d 834, 837 (3d Cir. 1976).

In addition to all the case law that supports expanding Briscoe, the Virgin Islands Code specifically addresses privileged communication. See, Title 14, Section 1178. As a result, Title 14, Section 1178 protects defendants' statements to a Judge, a police officer or any other individual involved in the event. It states that,

> A communication made to a person interested in the communication, by one who was also interested or who stood in such relation to the former as to afford a reasonable ground for supposing his motive innocent, is not presumed to be malicious, and is a privileged communication.

In this case, the disturbing element was that Mr. Monrose was found not guilty. However, this fact does not justify granting damages to Mr. Monrose. A Virgin Islands case whose facts are not on point but whose public policy helps to explain how our courts balance the interests of innocent citizens against the need to uphold our laws is Deary v. Evans, 19 V.I. 581 (D.V.I. 1983).

> This court greatly sympathizes with the possible embarrassment, humiliation, and the subsequent loss of her job suffered by

the plaintiff in this case. In the Virgin Islands where a small event such as an arrest means instant notoriety, a person is subject to close scrutiny and comment by the public. . .

This unfortunate result, however, is outweighed by the public need to insure that its laws are not broken, and, when they are broken, to ensure that the offender is brought before the public to answer for the offense alleged.

Id. at 601.

■ Based on the absolute immunity afforded witnesses, Tire World is immune from damages liability based on statements made to the Police Department.

■ Regarding the statements made to a third person in the presence of the defendant, Mr. Monrose does not state who this third person is. Depending on their relationship with the situation, i.e., whether the third party is the police officer, an employee, or someone who has an interest or relationship to Tire World, will affect whether the communication is absolutely privileged, conditionally privileged, or not privileged at all. It is well established that Mr. Monrose had an obligation to make a showing sufficient to establish that the privilege or absolute immunity does not apply. See, J. Filiberto Sanitation, Inc. v. Department of Environmental Protection, 857 F.2d 913 (3d Cir. 1988) citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). For example, if the third party was sufficiently identified to overcome the absolute immunity then this court would be able to proceed with this case. However, Carino v. Golden, 19 V.I. 371, 374 (T.Ct. 1983) and 5 App. I, Section 56, both support granting summary judgment since Mr. Monrose must set forth specific facts showing that there is a genuine issue for trial. As a result, summary judgment will be granted because the statements made to the Police Department were protected by absolute immunity and because the third party was not sufficiently disclosed to show that there is a genuine issue for trial. Accordingly, it is

ORDERED that the motion for summary judgment filed by the defendant, B & O Enterprise, Inc. d/b/a Tire World, is hereby GRANTED; and it is further

ORDERED that copies of this order shall be directed to Michael C. Dunston, Esq. (Law Offices of Dudley & Clark), and Desmond L. Maynard, Esq.