MARGARET J. MITCHELL *vs.* WILLIAM B. MITCHELL *et al.*

54   301
s60   12

Argued June 22, 1893. Reversed July 26, 1893.

**Special Administrators should Take Possession of the Goods of the Deceased.**

Special administrators may take possession of the personal property of the estate.

**They may not Break Open Doors.**

Entering a house peaceably for that purpose, their entry is presumptively by license of the occupant; but, having so entered, they may not break open doors to get such possession.

**Persisting, They Become Trespassers.**

Being unable to get possession without such violence, and being requested by the lawful occupant to depart, they become trespassers by persisting in remaining.

**Conduct in Aggravation of Damages.**

Becoming liable as trespassers, any abusive conduct on their part, not in itself constituting an assault or battery, may be considered in aggravation of damages.

**Evidence Made a Case for the Jury.**

Evidence *held* to present a case for the jury.

Appeal by plaintiff, Margaret J. Mitchell, from an order of the District Court of Stearns County, *D. B. Searle,* J., made February 4, 1893, denying her motion for a new trial.

Plaintiff's husband died at St. Cloud in June, 1888, and was buried on the 23d day of that month. The next day at sunset the defendants, William B. Mitchell and Charles S. Mitchell, brothers of the deceased, came to the house of plaintiff and demanded the books and china of deceased. They said to plaintiff they had been appointed special administrators of her husband's estate, and wanted to obtain his property. She refused to deliver it, and ordered them out of her house, but they did not go. They stayed until midnight, and she testified that they used abusive language, accused her of forgery and of being crazy, shook their fists in her face, and threatened to strike her. Finally they got the china and the books and took them away. After the evidence was all in, the

Judge instructed the jury to return a verdict for defendants. Plaintiff excepted. She moved for a new trial, and, being refused, appeals. For a former appeal, see 45 Minn. 50.

*D. W. Bruckart* and *Taylor & Calhoun*, for appellant.

When entry, authority or license is given to anyone by law and he doth abuse it, he shall be a trespasser *ab initio*.

When an entry, authority or license is given by the party, and he (to whom it is given) abuses it, then he must be punished for the abuse, and shall not be a trespasser *ab initio*. *Six Carpenters' Case,* 8 Coke, 146; *Malcom* v. *Spoor,* 12 Met. 279; *Bennett* v. *McIntire,* 121 Ind. 231; *Van Brunt* v. *Schenck,* 11 John. 377.

When the goods were refused, it was defendants' business to resort to their action. They had no right to remain after the refusal, and particularly after having been ordered to leave. *Adams* v. *Freeman,* 12 John. 408; *Webber* v. *Barry,* 66 Mich. 127; *Van Brunt* v. *Schenck,* 13 John. 414; *Allen* v. *Crofoot,* 5 Wend. 506; *Woodman* v. *Howell,* 45 Ill. 367; *Breitenbach* v. *Trowbridge,* 64 Mich. 393.

On the point of owner's right of absolute control of premises, and to at any time revoke a license, see *Jones* v. *Jones,* 71 Ill. 562; *McCrea* v. *Marsh,* 12 Gray, 211; *Wood* v. *Leadbitter,* 13 Mees. & W. 838.

*G. W. Stewart* and *Geo. H. Reynolds,* for respondents.

The famous *Six Carpenters' Case,* reported in 1 Smith's Leading Cases, (9th Am. Ed.) p. 261, does not hold the doctrine contended for by plaintiff; it fairly supports that of defendants. *Averill* v. *Smith,* 17 Wall. 82; *Richards* v. *McGrath,* 100 Pa. St. 389; *Ferrin* v. *Symonds,* 11 N. H. 363; *Griel* v. *Hunter,* 40 Ala. 542; *Stoughton* v. *Mott,* 25 Vt. 668; *Buzzell* v. *Johnson,* 54 Vt. 90; *Gardner* v. *Campbell,* 15 John. 401; *Hinks* v. *Hinks,* 46 Me. 423.

But conceding for sake of argument that plaintiff's evidence showed a cause of action, it was not the cause of action alleged in the complaint, and she was not entitled to recover. It was necessary either to have alleged the license and abuse of it directly in the complaint, or in the reply. *West* v. *Blake,* 4 Blackf. 234; *Bennett* v. *McIntire,* 121 Ind. 231; *Spades* v. *Murray,* 2 Ind. App. 401.

DICKINSON, J.  Upon the evidence presented at the trial, the court directed a verdict for the defendants.  On this appeal we are to consider whether the case tended to show a state of facts which would have justified a recovery by the plaintiff.  The plaintiff is the widow of one James S. Mitchell.  The defendants were appointed special administrators of his estate, and they qualified as such.  The deceased had left a will, by which he bequeathed his books and china ware to certain persons.  Within a day or two after the burial of the plaintiff's husband, the defendants, who were then such special administrators, came with two men, acting under their direction, to the house where the plaintiff with her children was residing, this being the family homestead.  Entering the house with the two men, without force, as it seems, they, as such administrators, demanded from the plaintiff the books and china ware of the deceased.  According to the testimony of the plaintiff, they demanded all the books and china ware in the house, which would have included property belonging to the plaintiff, they saying to her that, when it was legally decided what was hers, she would get it back. The books and china ware were in other rooms, which were locked, and the plaintiff refused to surrender the same.  According to the evidence on the part of the plaintiff, the defendants threatened to break open the doors, and, in the course of the conversation, threatened to strike her if she did not cease talking as she was doing. Although she requested them to leave the house, they remained from about half past 6 o'clock in the evening until after 12 o'clock of that night.  The plaintiff testified that she, being in ill health, was frightened and made sick by this conduct of the defendants.

If the facts were as shown by the evidence for the plaintiff, the defendants were guilty of a wrong, and the case should have been submitted to the jury.  Under the modern system of procedure, we are not embarrassed by questions as to whether, for the acts complained of and shown, the right of action is technically for trespass or on the case.  It is only necessary to consider whether such acts constituted a wrong, as respects the plaintiff, of which the law will take notice.  The plaintiff was lawfully in possession of the house. The defendants, as special administrators, rested under the duty of taking into their possession the personal property of the estate, including the books and china bequeathed as above stated.  The

defendants seem to have entered the house peaceably, and without opposition from the plaintiff; one of them, indeed, going in with her. Under the circumstances, and in view of their legal right to take possession of property which was in the house, there arises an implication of a license to enter, and the mere entry is not to be deemed to have been a trespass. But, although thus peaceably let into the plaintiff's house, the defendants had not the right to break open doors, or to commit like acts of violence to secure possession of the property. They should resort to legal process. See Toll. Ex'rs, 225; Williams, Ex'rs, 993; Schouler, Ex'rs, 272. But the license to enter presumably conferred by the plaintiff was revocable, and she did revoke it, as the evidence tended to show, by requesting them to leave the house. They learned that the property was locked in rooms into which they had no legal right to force an entrance. Their demand for its possession was refused. It was beyond their legal power to take it, and there was no legal excuse for their refusal to depart from the house. By their persistency in remaining so long a time, and until so late an hour of the night, disregarding the plaintiff's command, they became trespassers, *Davis* v. *Stone*, 120 Mass. 228. The legal justification for their presence in the house ceased when it was learned that the property was where they could not rightfully take it, when the plaintiff refused to surrender it, and requested them to leave the house. They had no right or license to remain, to coerce or worry her into compliance with their demands. In such conflicts of asserted rights, resort must be had to legal measures. Any other rule would encourage violence and disorder. A person cannot be allowed to adjudge his own cause, and to carry his own judgment into effect with force and violence. The defendants becoming liable as trespassers, any abusive conduct towards the plaintiff, even though not in itself constituting an assault or battery, might be considered in aggravation of damages.

Order reversed.

(Opinion published 55 N. W. Rep. 1134.)