## JUDY HENDRY v. WILLIAM CONNER.

226 N. W. 2d 921.

March 14, 1975—No. 44777.

*Connolly & Heffernan* and *Donald J. Heffernan,* for appellant. *Jardine, Logan & O'Brien* and *Gerald M. Linnihan,* for respondent.

PER CURIAM.

Plaintiff brought this action alleging an invasion of privacy by defendant. As disclosed in her complaint and the answers to interrogatories, plaintiff alleges she took her minor child to St. Paul Ramsey Hospital for treatment. While waiting in the hos-

pital to have her child admitted, she was told by defendant, an employee of the credit department of the hospital, that the child could not be admitted unless an outstanding bill for prior treatment was paid. Reference was further made to the fact that the debt had been included by plaintiff in a petition for bankruptcy which she had filed. The statement was alleged to have been made in a loud voice in the presence of a number of people waiting in the room. Plaintiff had, in fact, owed the hospital $1,500, and the debt had been discharged in bankruptcy.

The trial court dismissed plaintiff's action on the ground that she had failed to state a cause of action for relief, and this appeal is from the judgment for defendant. We affirm.

Prosser, Torts (4 ed.) pp. 802 to 818, states in an analysis of the subject that there are four separate kinds of invasion of privacy. The kinds included by Prosser are (1) appropriation for the defendant's benefit or advantages of the plaintiff's name or likeness; (2) intrusion upon the plaintiff's physical solitude or seclusion; (3) publicity which places the plaintiff in a false light in the public eye; and (4) public disclosure of private facts.

Plaintiff's claim falls into the category of public disclosure of private facts, sometimes referred to as a disclosure of indebtedness. See, Annotation, 33 A. L. R. 3d 154. The essentials of this offense are summarized as follows in the annotation (33 A. L. R. 3d 157):

"Some oppressive or coercive conduct by the creditor is generally essential to the tort of invasion of privacy. While all but a few states recognize the tort, they are not in agreement as to what constitutes actionable conduct. In earlier cases, for example, recovery was denied for an oral telephone communication either on the ground that it gave no undue publicity or that it did not constitute an unwarranted invasion of the debtor's peace of mind. It now seems clear, however, that the extent of publicity or degree of harassment determines whether the right is invaded, rather than the character of the oral or written communication. To be actionable, the collector's conduct must generally constitute a continuous harassment of the debtor."

Minnesota has never recognized, either by legislative or court action, a cause of action for invasion of privacy, even though many other states have done so. Prosser, Torts (4 ed.) pp. 802 to 812; Annotation, 33 A. L. R. 3d 154. It is not necessary for the disposition of this case to decide whether a cause of action for invasion of privacy should be recognized in Minnesota. It is sufficient to hold that, even if we were to do so, the conduct of defendant in the single incident occurring in the hospital waiting room does not constitute a violation of plaintiff's privacy.

First of all, the record of bankruptcy is a public fact. Further, as evidenced by answers to interrogatories, plaintiff cannot establish that there was publicity except for a very small number of persons. There is no allegation that there were other occasions when the defendant made the same or similar statements.

While we do not condone the acts complained of, in our judgment they did not constitute undue or oppressive publicity and do not constitute an actionable violation of plaintiff's right of privacy.[1] The order dismissing plaintiff's cause of action was properly entered, and the judgment is affirmed.

Affirmed.

---

[1] In Reed v. Ponton, 15 Mich. App. 423, 166 N. W. 2d 629 (1968), the plaintiff alleged that the store manager's statement made in the presence of clerks and customers that she had failed to pay for her layaway purchase was an invasion of plaintiff's right of privacy. In affirming a dismissal of the plaintiff's action, the court stated (15 Mich. App. 426, 166 N. W. 2d 630): "When there has been no misappropriated use of, or physical intrusion into, the private life, employment, property, name, likeness, or other personal place or interest, so that the privacy action is premised solely upon a disclosure of secret or confidential matter or upon being put *publicly* in a 'false light', then if (without deciding) mere words of mouth can ever be actionable (except by a slander action) the oral communication must be broadcast to the public in general or publicized to a large number of people. Moreover, such publicity must lift the curtain of privacy on a subject matter that a reasonable man of ordinary sensibilities would find offensive and objectionable: supersensitiveness is not protected; Prosser, Torts (3d ed), § 112, 77 CJS 396 et seq.; 19 ALR 3d 1318 et seq."