**Robert C.L. HOUSE, et al., Appellants,**

v.

**SPORTS FILMS & TALENTS, INC., Respondent,**

**Hubbard Broadcasting, Inc., etc., et al., Respondents,**

**University of Minnesota, et al., Respondents.**

**No. C3-83-1514.**

Court of Appeals of Minnesota.

July 24, 1984.

Robert J. Hampton, St. Paul, for appellants.

Alex B. Leibel, Helen A. Dovolis, Minneapolis, for Sports Films & Talents, Inc.

Robert Lewis Barrows, Minneapolis, for Hubbard Broadcasting, etc.

Victoria Newcome Johnson, Minneapolis, for University of Minn., et al.

Considered and decided by WOZNIAK, P.J., and SEDGWICK and LESLIE, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal from an order granting summary judgment against the Houses on a cause of action based on invasion of privacy.

The facts are not in dispute. In October 1981 the Houses consented to being filmed by a camera crew employed by Sports Films & Talents, Inc. The Houses understood that the film would be used to recruit high school athletes for University of Minnesota Gopher football. They did not sign a written release. Subsequently, a three-second portion of the film depicting the Houses cheering "Minnesota Minnesota Rah Rah Rah" was aired as a public service announcement on KSTP–TV. The Houses had not explicitly consented to this particular use of the footage. The Houses claimed reputation damage as a result of the broadcast. They allegedly had been opposed to the Gophers playing football at the Hubert H. Humphrey Metrodome and regarded the filmclip as a promotion for Metrodome Gopher ticket sales. It was conceded that the Houses are not celebrities.

Based on these facts, the court dismissed the Houses' complaint because Minnesota does not recognize an action for invasion of privacy.

Clearly there is no action for invasion of privacy in Minnesota. We are bound by our Supreme Court which has observed:

> Minnesota has never recognized, either by legislative or court action, a cause for invasion of privacy, even though many other states have done so.

*Hendry v. Conner*, 303 Minn. 317, 319, 226 N.W.2d 921, 923 (1975). Even if we were prepared to adopt invasion of privacy as an actionable tort, the facts still warrant summary judgment.

There are four separate kinds of invasion of privacy: appropriation, intrusion, public disclosure of private facts, and false light. W. Prosser, Handbook on the Law of Torts § 117 (4th ed. 1971). The Houses contend that their rights have been violated by appropriation and by intrusion. An action for appropriation has not been extended beyond the protection of celebrities because a "celebrity's property interest in his name and likeness is unique." *Uhlaender v. Henricksen*, 316 F.Supp. 1277, 1283 (D.Minn.1970). The Houses have conceded that they are not celebrities. Further, there was no intrusion by the camera crew because the Houses were approached and filmed in public and they consented to being filmed. Their consent obviated the need for a written release.

## DECISION

We affirm.