Greg **COPELAND, et al., Appellants,**

v.

**HUBBARD BROADCASTING, INC., d/b/a KSTP–TV, et al., Respondents.**

**No. C4–94–1629.**

Court of Appeals of Minnesota.

Jan. 24, 1995.

Patrick T. Tierney, Bonnie J. Bennett, Collins, Buckley, Sauntry & Haugh, St. Paul, for appellants.

Robert Lewis Barrows, Carolyn V. Wolski, Leonard, Street and Deinard, Minneapolis, for respondents.

Considered and decided by LANSING, P.J., and KLAPHAKE and MULALLY,* JJ.

## OPINION

LANSING, Judge.

Homeowners appeal the district court's summary judgment against their trespass claim and the denial of their motion to amend their complaint to add claims of invasion of privacy and violation of state and federal wiretapping statutes. We affirm the district court's denial of the motion to amend the complaint, but we reverse the summary judgment on the trespass claim.

## FACTS

In the spring of 1993, KSTP television broadcast an investigative report on the practices of two metro-area veterinarians. One of the veterinarians, Dr. Sam Ulland, treated Greg and Betty Copeland's cat. Before an April 1993 visit to the Copeland home, Dr. Ulland received the Copelands' permission to bring along a student interested in a career in veterinary medicine. The student, Patty Johnson, did not tell the Copelands or Dr. Ulland that, in addition to being a part-time student at the University of Minnesota, she was also an employee of KSTP and was videotaping Dr. Ulland's practice methods.

When the investigative report was broadcast, it included two brief video portions filmed inside the Copelands' house. The Copelands sued KSTP and Johnson (collectively KSTP) for trespass, and later moved to amend their complaint to add claims for invasion of privacy and violation of state and federal wiretapping statutes. The district court denied the motion to amend and granted KSTP's summary judgment motion on the trespass claim.

## ISSUES

I. Did the district court err in granting KSTP's motion for summary judgment on the homeowners' trespass claim?

II. Did the district court err in denying the homeowners' motion to amend their complaint by adding claims for invasion of privacy and violation of state and federal wiretapping laws?

## ANALYSIS

### I

A trespass is committed when a person enters the land of another without consent. *Martin v. Smith*, 214 Minn. 9, 12, 7 N.W.2d 481, 482 (1942). Consent may be implied from the conduct of the parties, but silence alone will not support an inference of consent. *Northern States Power Co. v. Franklin*, 265 Minn. 391, 396, 122 N.W.2d 26, 30 (1963). Consent may be geographically or temporally restricted. *See id.* (consent to enter particular part of land does not supply consent to enter any other part); *Mitchell v. Mitchell*, 54 Minn. 301, 304, 55 N.W. 1134, 1135 (1893) (rightful entrant may become trespasser by refusing to leave when requested).

The district court concluded that KSTP was entitled to summary judgment on the Copelands' trespass claim because Johnson did not exceed the geographic boundaries of the Copelands' consent and the Copelands did not expressly limit their consent to Johnson's educational or vocational goals. We read the case law differently. For reasons we will more fully discuss, we hold that KSTP is not entitled to summary judgment on either basis.

Minnesota case law establishes that an entrant may become a trespasser by moving beyond the possessor's invitation or permission. *See State v. Brooks–Scanlon Lumber Co.*, 128 Minn. 300, 302, 150 N.W. 912, 913 (1915) (when consent given to cut mature

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

trees, cutting of immature trees exceeded scope of consent and constituted trespass); *Rieger v. Zackoski*, 321 N.W.2d 16, 20 (Minn. 1982) (court correctly instructed jury that lawful entrant may become trespasser by moving beyond scope of possessor's invitation). Although trespass in *Brooks–Scanlon* related to tangible objects, the decision nonetheless demonstrates that the scope of consent can be exceeded even though the entrant remains within the geographic limits of the consent. The holding in *Brooks–Scanlon* has not been confined to actions under the treble damages statute (Minn.Stat. § 548.05) but has been generally cited for the proposition that wrongful conduct following an authorized entry on land can result in trespass. *See Northern States Power*, 265 Minn. at 396, 122 N.W.2d at 30.

In support of its motion for summary judgment, KSTP cites *Baugh v. CBS, Inc.*, for the proposition that the scope of consent can be exceeded only when physical boundaries are crossed. *See* 828 F.Supp. 745, 756 (N.D.Cal. 1993). *Baugh* is, however, factually distinguishable. In *Baugh*, the homeowner granted the broadcaster permission to videotape events at her house so long as they were not shown on television. *Id.* at 752. The homeowner brought a trespass action when the videotape was subsequently broadcast. *Id.* at 756. The court held that the scope of consent was not exceeded because the plaintiff agreed to the initial videotaping and the homeowner's cause of action was not trespass. *Baugh* has limited applicability to this case because the Copelands did not consent to any videotaping.

■ Courts in other jurisdictions have recognized trespass as a remedy when broadcasters use secret cameras for newsgathering. *See, e.g., Miller v. National Broadcasting Co.*, 187 Cal.App.3d 1463, 1480, 232 Cal. Rptr. 668 (1986); *Anderson v. WROC–TV*, 109 Misc.2d 904, 441 N.Y.S.2d 220, 223 (N.Y.App.Div.1981); *Ayeni v. CBS Inc.*, 848 F.Supp. 362, 368 (E.D.N.Y.1994); *see also* Chad E. Milton et al., *Emerging Publication Torts*, Practising Law Institute (1994), *available in* WESTLAW, 389 PLI/PAT 651, at 20–22. Newsgathering does not create a license to trespass or to intrude by electronic means into the precincts of another's home or office. *Dietemann v. Time, Inc.*, 449 F.2d 245, 249 (9th Cir.1971).

■ Whether a possessor of land has given consent for entry is, when disputed, a factual issue. *See, e.g., Meixner v. Buecksler*, 216 Minn. 586, 590, 13 N.W.2d 754, 756 (1944). The district court determined that the Copelands did not present any evidence indicating that the scope of consent was limited to educational purposes. The record, however, indicates that consent was given only to allow a veterinary student to accompany Dr. Ulland. Viewing the evidence in the light most favorable to the Copelands, *see Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993), there is sufficient evidence to withstand summary judgment.

## II

■ Under Minn.R.Civ.P. 15.01, the decision by a trial court to deny a motion to amend a pleading may be reversed only if the trial court abused its discretion. *Fabio*, 504 N.W.2d at 761. It is not an abuse of discretion to deny a motion to amend a complaint to assert a claim that is not legally recognized. *Envall v. Independent Sch. Dist. No. 704*, 399 N.W.2d 593, 597 (Minn. App.1987). It is also not an abuse of discretion to deny a motion to amend when the movant fails to establish evidence to support its claims. *Bib Audio–Video Products v. Herold Mktg. Assocs., Inc.*, 517 N.W.2d 68, 73 (Minn.App.1994).

■ The Copelands appeal the district court's denial of their motion to amend their complaint to add a claim for invasion of privacy. Invasion of privacy is a term that has been used to refer to four different causes of action: (1) appropriation of the plaintiff's name or likeness for commercial benefit, (2) unreasonable intrusion into the plaintiff's seclusion, (3) public disclosure of private facts about the plaintiff, and (4) placing the plaintiff in a false light before the public. W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 117, at 849–66 (5th ed. 1984). Specifically, the Copelands allege that KSTP committed the torts of intrusion into seclusion and appropriation.

**406**

Minnesota has not recognized any of the four privacy torts. *See Hendry v. Conner,* 303 Minn. 317, 319, 226 N.W.2d 921, 923 (1975); *House v. Sports Films & Talents, Inc.,* 351 N.W.2d 684, 685 (Minn.App.1984); *Stubbs v. North Memorial Medical Ctr.,* 448 N.W.2d 78, 80–81 (Minn.App.1989). Although KSTP's actions may satisfy the elements necessary for the tort of intrusion, we decline to recognize an additional cause of action, particularly when the Copelands have not alleged any injury not addressed by their trespass claim.

■ The Copelands also appeal the district court's denial of their motion to amend their complaint to add a claim for violation of Minnesota and federal wiretapping statutes. Minnesota's wiretapping statutes are nearly identical to the federal wiretapping statutes. *Compare* Minn.Stat. § 626A.02, subd. 1 (1992), *with* 18 U.S.C. § 2511(1) (1992). The statutes provide that any person who intentionally intercepts an oral communication is subject to liability. Minn.Stat. § 626A.02, subd. 1(a); 18 U.S.C. § 2511(1)(a). A party to the conversation is exempted from liability, however, unless the communication is intercepted for the purpose of committing any criminal or tortious act. Minn.Stat. § 626A.02, subd. 2(d); 18 U.S.C. § 2511(2)(d). The burden of proof is on the party attempting to show that the communication was intercepted for criminal or tortious purposes. *Thomas v. Pearl,* 998 F.2d 447, 451 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 688, 126 L.Ed.2d 655 (1994).

■ The Copelands have not presented evidence that would create a triable issue. They allege that KSTP is not entitled to the party exemption because it committed the tort of trespass. This allegation is insufficient because the statute requires that the communication be intercepted for the *purpose* of committing a tortious act. The evidence is undisputed that KSTP intercepted the communication for commercial purposes and not for the purpose of committing trespass.

The Copelands have not sought review of that part of the district court's order dismissing their intentional misrepresentation claim or denying their motion to amend to assert a negligent misrepresentation claim or punitive damages.

**DECISION**

The district court did not abuse its discretion in denying the motion to add claims of invasion of privacy and violation of the wiretapping statutes, but the broadcaster is not entitled to summary judgment on the homeowners' claim for trespass.

**Affirmed in part, and reversed and remanded in part.**