**Elli LAKE, et al., Appellants,**

v.

**WAL–MART STORES, INC., et al., Respondents.**

**No. C7–97–263.**

Court of Appeals of Minnesota.

Aug. 5, 1997.

Review Granted Sept. 18, 1997.

---

Keith L. Miller, Miller, Norman & Associates, Ltd., Moorhead, for Appellants.

Richard L. Pemberton, Corenia Kollasch Walz, Pemberton, Sorlie, Sefkow, Rufter & Kershner, P.L.L.P., Fergus Falls, for Respondents.

Considered and decided by KALITOWSKI, P.J., and RANDALL and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Elli Lake and Melissa Weber appeal from the dismissal of their action for failure to state a claim, arguing that this court should find there is a common law cause of action for the tort of invasion of privacy. We affirm.

## FACTS

Lake and Weber claim that while in Mexico on spring break, their girlfriend and roommate jokingly took a photograph of them standing nude together outside their hotel shower. Lake and Weber took five rolls of film to their local Wal–Mart in Dilworth, Minnesota, for developing. When they picked up their pictures, there was a notice stating that one of the negatives was not developed because it contained nudity.

Lake and Weber allege that approximately five months later an acquaintance questioned their sexual orientation, alluding to the nude photograph. They also assert that a friend told them she saw the picture of them and that a Wal–Mart employee had shown it to her.

Lake and Weber brought an action for invasion of privacy against respondents Wal–Mart Stores, Inc. and John Doe, the unidentified Wal–Mart employee who developed and circulated the picture. Lake and Weber claimed Wal–Mart

> repeatedly and unreasonably invaded [their] seclusion, appropriated their likeness, published [their] private lives and placed them in a false light before the public.

As a result, Lake and Weber claim they were humiliated, embarrassed, and suffered emotional and mental distress.

Wal–Mart moved to dismiss the claim, arguing the complaint failed to state a claim on which relief could be granted. The district court dismissed the action, concluding Minnesota does not recognize the tort of invasion of privacy. Lake and Weber appeal.

**378**

## ISSUE

Does Minnesota recognize the tort of invasion of privacy?

## ANALYSIS

■ In reviewing cases that were dismissed for failure to state a claim on which relief can be granted, the only question before the reviewing court is whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Pub. Safety,* 298 N.W.2d 29, 32 (Minn.1980). Thus, the issue is whether Minnesota recognizes the tort of invasion of privacy.

■ The Minnesota supreme court has held that Minnesota does not recognize a cause of action for invasion of privacy. *Hendry v. Conner,* 303 Minn. 317, 319, 226 N.W.2d 921, 923 (1975). The supreme court followed that decision most recently in *Richie v. Paramount Pictures Corp.,* 544 N.W.2d 21, 28 (Minn.1996).

This court has also refused to find a common law cause of action for invasion of privacy. *See, e.g., Copeland v. Hubbard Broadcasting, Inc.,* 526 N.W.2d 402, 405 (Minn. App.1995) (citing *Hendry* ), *review denied* (Minn. March 29, 1995); *Robbinsdale Clinic v. Pro–Life Action Ministries,* 515 N.W.2d 88, 92 (Minn.App.1994) (citing *Hendry* ), *review denied* (Minn. June 15, 1994). Moreover, in *Stubbs v. North Memorial Medical Center,* 448 N.W.2d 78 (Minn.App.1989), *review denied* (Minn. Jan. 12, 1990), this court stated that it was not the function of the court to establish a new cause of action for invasion of privacy. *Id.* at 81.

■ Generally, the tort can be one of four different types: (1) unreasonable invasion upon the seclusion of another; (2) appropriation of the other's name or likeness; (3) unreasonable publicity given to the others' private life; or (4) publicity that unreasonably places the other in a false light before the public. Restatement (Second) of Torts § 652D (1987); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 117, at 851–68 (5th ed.1984).

Taking the facts as true in this case, Lake and Weber have a colorable claim for invasion of privacy. Also, Minnesota is only one of three states that does not recognize the tort. We find no articulable reason why Minnesota should not recognize this cause of action. Other jurisdictions that recognize the tort have based their adoption on constitutional notions of life, liberty and property. *See, e.g., Hinish v. Meier & Frank Co.,* 166 Or. 482, 113 P.2d 438, 441 (1941) (finding right to privacy in natural justice and liberty); *Munden v. Harris,* 153 Mo.App. 652, 134 S.W. 1076, 1079 (1911) (life, liberty, and happiness); *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190, 50 S.E. 68, 70 (1905) (natural law and liberty).

Thus, the district court was correct in dismissing the action for failure to state a claim upon which relief could be granted.

## DECISION

Minnesota does not recognize the tort of invasion of privacy. The district court properly dismissed Lake and Weber's action.

**Affirmed.**