Mary LARSON, et al, Respondents,

v.

James Preston WASEMILLER, M.D., Appellant (A05–1698), Defendant (A05–1701),

Paul Scot Wasemiller, M.D., et al., Defendants (A05–1698),

St. Francis Medical Center, Appellant (A05–1701).

Nos. A05–1698, A05–1701.

Court of Appeals of Minnesota.

July 25, 2006.

Terry L. Wade, William J. Maddix, Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, MN, for respondents.

Louise Dovre Bjorkman, Mark A. Solheim, Charles A. Gross, Larson ● King, L.L.P., St. Paul, MN; and M. Daniel Vogel, Vogel Law Firm, Fargo, ND, for appellant James Preston Wasemiller.

Rodger A. Hagen, William M. Hart, Meagher & Geer, P.L.L.P., Minneapolis, MN, for defendant Paul Scot Wasemiller and Dakota Clinic.

Robert M. Mahoney, Mark W. Hardy, Geraghty, O'Loughlin & Kenney, P.A., St. Paul, MN, for appellant St. Francis Medical Center.

Mark R. Whitmore, Charles E. Lundberg, Bassford Remele, P.A., Minneapolis, MN, for Amici Minnesota Hospital Ass'n, Minnesota Medical Ass'n, and American Medical Ass'n.

Diane B. Bratvold, Shanda K. Pearson, Rider Bennett, L.L.P., Minneapolis, MN, for Amicus MN Defense Lawyers Ass'n.

Considered and decided by
STONEBURNER, Presiding Judge;
DIETZEN, Judge; and HARTEN,
Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

STONEBURNER, Judge.

Respondents brought a medical-malpractice action against appellant James Preston Wasemiller, M.D. and defendant Paul Scott Wasemiller, M.D. Respondents amended the complaint to add claims against appellant St. Francis Medical Center for negligent credentialing of Dr. James Wasemiller and negligence in a joint venture. St. Francis Medical Center moved to dismiss under Minn. R. Civ. P. 12.02(e), arguing that (1) Minnesota does not recognize legal claims of "negligent credentialing" or "negligent privileging" against a hospital; (2) Minn.Stat. § 145.63, subd. 1, limits liability for review organizations; (3) the peer-review privilege, as codified in Minn.Stat. § 145.63, impliedly rejects such claims against hospitals; and (4) respondents have failed to state a claim against the hospital for liability based on joint enterprise with Dr. James Wasemiller[1]. The district court denied the motion but certified two questions to this court:

1. Does the state of Minnesota recognize a common-law cause of action of negligent credentialing or privileging of a physician against a hospital or other review organization?

    The district court answered in the affirmative.

2. Do Minn.Stat. §§ 145.63–.64 grant immunity from or otherwise limit liability of a hospital or other review organization for a claim of negligent credentialing or privileging of a physician?

    The district court answered in the negative.

1. The denial of appellants' motion to dismiss the claim based on joint enterprise is not involved in this appeal.

## FACTS

■ We initially note that this matter was handled in the district court as a motion to dismiss for failure to state a claim on which relief can be granted. We have not considered any facts beyond those stated in the pleadings.[2]

Appellant James Preston Wasemiller, M.D. and defendant Paul Scot Wasemiller, M.D. are physicians licensed in Minnesota, who hold themselves out as surgery specialists. Appellant St. Francis Medical Center (the hospital) is a Minnesota corporation that granted Drs. James P. and Paul S. Wasemiller privileges to perform surgical procedures, including bariatric surgery, on patients. According to the compliant, Dr. James P. Wasemiller performed a gastric bypass and splenectomy on respondent Mary Larson, with the assistance of Dr. Paul S. Wasemiller at the hospital, and both were negligent in her post-surgery care, causing respondents to suffer damages.

The complaint asserts that the hospital knew, or should have known, before the Larson surgery that Dr. James P. Wasemiller posed an unreasonable danger of harm to bariatric surgery patients at the hospital and that the hospital breached its duty to Larson by granting privileges to Dr. James P. Wasemiller to perform bariatric surgery at the hospital, causing respondents to suffer damages.

## ISSUES

1. Are the certified questions important and doubtful?

2. Should Minnesota recognize a common-law cause of action for negligent credentialing or privileging of a physician

against a hospital or other review organization?

3. Do Minn.Stat. §§ 145.63–.64 grant immunity from or otherwise limit the liability of a hospital or other review organization for a claim of negligent credentialing or privileging of a physician?

## ANALYSIS

### I. Are the certified questions important and doubtful?

■ This court may hear an appeal from a denial of a motion to dismiss "if the trial court certifies that the question presented is important and doubtful." Minn. R. Civ.App. P. 103.03(i) (2004); *Jostens, Inc. v. Federated Mut. Ins. Co.*, 612 N.W.2d 878, 883 (Minn.2000). All parties to this action agree that no appellate court in Minnesota has recognized a cause of action for negligent credentialing or privileging of a physician against a hospital or other review organization and that the district court's certified questions are "important and doubtful." We agree.

■ Whether a question is important and doubtful is a legal question subject to de novo review. *Jostens*, 612 N.W.2d at 883. We balance a number of factors in determining if a question is important. *Id.* at 884. "A question is increasingly important if:" it has statewide impact, reversal is likely, lengthy proceedings will be terminated, and a district court's incorrect ruling will inflict substantial harm on the parties. *Id.* "[A] great deal of importance should be placed on whether reversal of the question will terminate the proceedings." *Id.*

2. On a motion to dismiss for failure to state a claim, the allegations contained in the pleading must be considered as true and viewed in the light most favorable to the pleader. *N.*

*States Power Co. v. Minn. Metro. Council*, 667 N.W.2d 501, 506 (Minn.App.2003), *rev'd*, 684 N.W.2d 485 (Minn.2004).

The district court made extensive findings regarding the benefit of interlocutory appeal in this case. Although our answers to the certified questions will not terminate the proceedings, the answers will have a substantial impact on the scope of the litigation. Recognition of the proposed new tort would have statewide impact, and an incorrect ruling would result in substantial harm to the parties. We conclude that the issues presented are important.

■ A question is properly certified as doubtful if there is no controlling precedent. *Jostens*, 612 N.W.2d at 884. "That the question is one of first impression is not ... of itself sufficient to justify certification as doubtful; the question should be one on which there is substantial ground for a difference of opinion." *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 180 (Minn. 1988). Because there is no direct controlling caselaw on point and there is substantial ground for a difference of opinion, despite the widespread recognition of the tort of negligent credentialing or privileging in other states, we conclude that the questions presented are doubtful. Because the certified questions are both important and doubtful, we accept certification.

## II. Does Minnesota recognize a common-law cause of action against a hospital or other review organization for negligent credentialing or privileging of a physician?

■ We review de novo a district court's decision on a motion to dismiss for failure to state a claim on which relief can be granted under Minn. R. Civ. P. 12.02(e), and the question before the appellate court is whether the complaint sets forth a legally sufficient claim for relief. *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn.2003). "The reviewing court must consider only the facts alleged in the complaint, accepting those facts as true and must construe all reasonable inferences in favor of the nonmoving party." *Id.* (citing *Marquette Nat'l Bank v. Norris*, 270 N.W.2d 290, 292 (Minn.1978)).

■ Whether Minnesota should recognize a cause of action for negligent credentialing or privileging is a question of first impression in Minnesota and a question of law, subject to de novo review. *See Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 393 (Minn.2003) (stating that a reviewing court is not bound by and need not give deference to a district court's decision on a purely legal issue). It has long been established that adaptation and development of common-law principles is part of judicial power. *See Lake v. Wal–Mart Stores Inc.*, 582 N.W.2d 231, 233 (Minn. 1998) (stating that the supreme court "has the power to recognize and abolish common law doctrines."); *Silesky v. Kelman*, 281 Minn. 431, 433, 161 N.W.2d 631, 632 (1968) (stating "[t]he court may modify the common law, adopting such of its principles as are applicable and rejecting such others as are inapplicable.") (overruled on other grounds by *Anderson v. Stream*, 295 N.W.2d 595, 601 (Minn.1980)). But it is not our function to create new law. *See Stubbs v. N. Mem'l Med. Ctr.*, 448 N.W.2d 78, 81, 83 (Minn.App.1989) (refusing to create a cause of action that had not been recognized by the courts or established by the legislature because "[t]he function of this court is primarily decisional and error correcting, rather than legislative or doctrinal"), *review denied* (Minn. Jan. 12, 1990).

Respondents argue that the district court has inherent authority to recognize a new cause of action and correctly exercised that authority in this case. Respondents argue that because a majority of other states have recognized a cause of action against a hospital for negligently granting

doctors privileges, we should answer the first question in the affirmative. We disagree.

Acknowledging a district court's inherent authority to recognize a new cause of action does not end the inquiry. The supreme court has on more than one occasion declined to exercise such power when it deems that the flexibility of the legislative process is a more appropriate avenue in a given situation. *Cracraft v. City of St. Louis Park,* 279 N.W.2d 801, 808 (Minn. 1979) (declining to create a new tort that would create a new duty owed by government entities to enforce the law with reasonable care, stating that such a change in the law is one that should be made by the legislature) [3]; *Schumann v. McGinn,* 307 Minn. 446, 467, 240 N.W.2d 525, 537 (1976) (quoting *Spanel v. Mounds View Sch. Dist. No. 621,* 264 Minn. 279, 292, 118 N.W.2d 795, 803 (1962), for the proposition that "[w]hile the court has the right and the duty to modify rules of the common law after they have become archaic, ... the flexibility of the legislative process—which is denied the judiciary—makes the latter avenue of approach more desirable.").

The springboard for adoption of the tort of negligent credentialing or privileging independent physicians has been case law permitting the employer of negligently retained independent contractors to be held directly liable to persons injured by such contractors. Benjamin J. Vernia, J.D., Annotation, *Tort Claim for Negligent Credentialing of Physician,* 98 A.L.R. 5th 533 (2002). Vernia notes the traditional view that hospitals are mere venues where independent-contractor physicians practice, and are, therefore, entitled to immunity from liability for an independent physician's malpractice "has been substantially eroded through the doctrine of negligent credentialing." *Id.* at 551. We are not aware of any authority for the proposition that Minnesota has recognized a negligence claim against the employer of an independent contractor. Recognition of a tort of negligent credentialing will have implications that far exceed the narrow focus of hospitals and independent physicians, and those implications should at least be recognized and addressed in the consideration of whether Minnesota should recognize such a tort.

Appellants have raised additional issues that should be considered either by the legislature or a policy-making court, such as whether the cause of action is dependent on a prior determination of liability of the physician whose credentials or privileges are challenged. Appellants note the potential prejudice to both a physician and a hospital of trying an action for negligent credentialing together with a medical-malpractice action.

Appellants also argue that the strict confidentiality surrounding the decision-making function of a peer-review committee makes it difficult for a hospital to adequately defend against a claim of negligent decision-making. We agree. The statutes dealing with peer review contain extensive confidentiality protections. Minnesota Statute § 145.64, subd. 1(a) (2004), pro-

---

**3.** *Cracraft* also contains a discussion of the common-law rule, not limited in application to government tortfeasors, that "general duties owed to the entire public rather than a specific class of persons cannot form the basis of a negligence action." *Cracraft,* 279 N.W.2d at 804. In the instant case, respondents and the district court emphasized the importance to the public of a hospital's grant of credentials or privileges to a physician, but without discussion presumed that any duty regarding credentialing or privileging gives rise to a private cause of action. Even if the supreme court does not defer to the legislature regarding the establishment of this new cause of action, Minnesota law appears to require at least some consideration of whether there is a private cause of action.

vides that, with an exception not applicable to this case:

> data and information acquired by a review organization, in the exercise of its duties and functions, . . . shall be held in confidence, shall not be disclosed to anyone except to the extent necessary to carry out one or more of the purposes of the review organization, and shall not be subject to subpoena or discovery.

The statute goes on to prohibit persons involved in the review process from disclosing

> what transpired at a meeting of a review organization . . . The proceedings and records of a review organization shall not be subject to discovery or introduction into evidence in any civil action against a professional arising out of the matter or matters which are the subject of consideration by the review organization. Information, documents or records otherwise available from original sources shall not be immune from discovery or use in any civil action merely because they were presented during proceedings of a review organization, nor shall any person who testified before a review organization or who is a member of it be prevented from testifying as to matters within the person's knowledge, but a witness cannot be asked about the witness' testimony before a review organization or opinion formed by the witness as a result of its hearings. . . .

Minn.Stat. § 145.64, subd. 1(a). The statutory protection of confidentiality and prohibition of discovery apply to the governing body of the review organization and are not waived by referral of a matter from the review organization to the governing body or consideration by the governing body of decisions, recommendations, or documentation of the review organization. Minn.Stat. § 145.64, subd. 1(c). "No guideline established by a review organization shall be admissible in evidence in any proceeding brought by or against a professional by a person to whom such professional has rendered professional services." Minn.Stat. § 145.65 (2004). "Any disclosure other than that authorized by section 145.64 of data and information acquired by a review committee or of what transpired at a review meeting, is a misdemeanor." Minn.Stat. § 145.66 (2004). We agree with appellants that the availability of original-source information does not satisfactorily explain how a hospital can adequately defend against a claim that its credentialing or privileging decision was not based on a reasonable belief that the action was warranted when the hospital cannot disclose what was actually considered or discussed by a review organization that recommended the decision.

The district court, and at least one out-of-state court that considered a hospital's argument that such confidentiality provisions severely hamper a defendant's ability to defend against a claim of negligent credentialing, have relied on the availability of information from "original sources" to refute the argument. *See Browning v. Burt,* 66 Ohio St.3d 544, 613 N.E.2d 993, 1007 (1993) (rejecting argument that Ohio's similar confidentiality laws regarding peer review prevent a hospital from defending itself against claims for negligent peer review by merely quoting the original-source provision of the statute verbatim to "dispel any notion that [the arguments] are meritorious."). But neither court addressed how a hospital that cannot even disclose *whether* such information was considered, let alone *how* it was used in decision-making, can actually use such information in its defense.

The proposed recognition of a negligent credentialing or privileging tort represents

a significant change in the law that should not be accomplished without considering (1) implications for other areas of law; (2) the effect of such a tort on the strong policy of confidential peer review evidenced in sections 145.61–.66; (3) resolution of issues such as whether the cause of action is dependent on a finding of medical malpractice; and (4) whether trials for negligent credentialing or privileging can fairly be combined with medical-malpractice actions.[4] Neither a trial court nor an intermediate appeals court is in a good position to fairly and exhaustively consider the complex policy concerns involved. Even the supreme court may determine that the matter would be best handled by the legislature. Accordingly, we answer the first question in the negative: Minnesota does not recognize a common-law cause of action for negligent credentialing or privileging of a physician against a hospital or other review organization, and we conclude that the district court erred by holding otherwise.

### III. Do Minn.Stat. §§ 145.63–.64 grant immunity from, or otherwise limit liability of, a hospital or other review organization for a claim of negligent credentialing or privileging of a physician?

■ Section 145.63, subd. 1 (2004), provides in relevant part:

No review organization and no person ... shall be liable for damages or other relief in any action ... by reason of the performance by the person of any duty, function, or activity of such review organization, unless the performance of such duty, function or activity was motivated by malice toward the person af-

fected thereby. No review organization and no person shall be liable for damages or other relief in any action by reason of the performance of the review organization or person of any duty, function, or activity as a review organization or a member of a review committee or by reason of any recommendation or action of the review committee when the person acts in the reasonable belief that the action or recommendation is warranted by facts known to the person or the review organization after reasonable efforts to ascertain the facts on which the review organization's action or recommendation is made, except that any corporation designated as a review organization under the Code of Federal Regulations, title 42, section 466 (1983) shall be subject to actions for damages or other relief by reason of any failure of a person, whose care or treatment is required to be scrutinized or reviewed by the review organization, to receive medical care or treatment as a result of a determination by the review organization that medical care was unnecessary or inappropriate.

The protections from liability provided in this subdivision shall also apply to the governing body of the review organization and shall not be waived as a result of referral of a matter from the review organization to the governing body or consideration by the governing body of decisions, recommendations, or documentation of the review organization.

Appellant St. Francis Medical Center argues that section 145.63 evinces a legislative intent to protect review organizations from claims for damages in any

---

4. Respondents assert that a cause of action for negligent credentialing or privileging is completely separate from, and not dependent on, a finding that a credentialed/privileged physician has committed malpractice. Re-

spondents do not address the potential prejudice to either a physician or hospital that would result from combining such claims in one action as they have done in this case.

action by the review organization's performance and does not contemplate a negligent-credentialing cause of action. Appellant Wasemiller argues that this court should find the hospital immune from respondent's negligent credentialing or privileging claim as a matter of law because the complaint does not allege that the hospital "failed to act in the reasonable belief that its action regarding the credentialing or privileging of Dr. Wasemiller was warranted or that [the hospital] failed to make reasonable efforts to ascertain the relevant facts."

▇▇▇ Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or unambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) (quotation omitted) (citation omitted). Neither party argues that this statutory provision is ambiguous, and we agree that the provision is not ambiguous.

Respondents acknowledge that the statute does not indicate a legislative intent to create or recognize a cause of action for negligent credentialing or privileging. Respondents argue only that the language does not evidence a legislative intent to abrogate the common-law duty to use reasonable care in credentialing decisions. But failing to act with a "reasonable belief" based on known facts after "reasonable efforts" to obtain facts is narrower than the universe of failing to act with reasonable care. To that extent, the provision unambiguously limits the liability of hospitals and review organizations for acts relating to credentialing or privileging. De-

fining the parameters of that limitation is beyond the scope of this decision.

Section 145.64 has been discussed above. While nothing in that section provides immunity from a negligent credentialing or privileging cause of action, we have already noted that the section prevents any disclosure of what would appear to be information necessary to an intelligent inquiry into whether a review committee acted with a reasonable belief that its action was warranted by known facts. The confidentiality provision supports appellants' contention that the legislature did not contemplate negligent credentialing or privileging actions and supports this court's conclusion that recognition of such an action would best be deferred to the supreme court or the legislature for a comprehensive analysis and weighing of how the confidentiality of the peer-review process would be affected by recognition of such a cause of action. Accordingly, we answer the first part of the second question in the negative: the statute does not grant immunity from liability of a hospital or other review organization for a claim of negligent credentialing or privileging of a physician. We answer the second part of the question in the affirmative: the statute does limit such liability.

## DECISION

Because we conclude that Minnesota does not now recognize a common-law cause of action for negligent credentialing or privileging of a physician by a hospital or other review organization, we answer the first question in the negative. We answer the second question partly in the negative and partly in the affirmative, according to the plain language of Minn.Stat. §§ 145.63–.64. Section 145.63 does not grant immunity from negligent credentialing or privileging actions by patients against hospitals or other review organiza-

tions, but limits any liability to actions or recommendations not made in the reasonable belief that the action or recommendation is warranted by facts known to it after reasonable efforts to ascertain the facts on which its action or recommendation is made. Section 145.64 limits the evidence that could be used to support or defend against such a claim in a manner that appears to affect the fundamental fairness of recognizing such a claim as the most effective means of monitoring the credentialing or privileging process. We reverse the district court's denial of appellants' motion to dismiss respondents' claim of negligent credentialing or privileging under Minn. R. Civ. P. Rule 12.02 and remand with directions that the hospital's motion to dismiss on this claim be granted.

**Reversed and remanded; certified questions answered.**